· Henry Smith v. The State.

No. 6639.   Decided February 8, 1922.

1.—Burglary—Circumstantial Evidence—Charge of Court—Accomplies.

. It is not necessary to charge on circumstantial evidence although the only direct evidence is that of an accomplice.   .

2.—Same—Evidence—Confession—Arrest—Fruits of Crime.

Where objection was urged to the testimony of the officer as to what defendant did and said to him on the ground that defendant was under arrest at the time, not warned, and that the stolen property was not found at the place pointed out by the defendant, and that it was not shown to have been discovered as a result of what defendant told the officer, and the record upon appeal supported this theory, the testimony should not have been admitted, and the same was reversible error.

Appeal from the District Court of Titus.   Tried below before the Honorable R. T. Wilkinson.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. M. Williams* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.—Cited Torrence v. State; 85 Texas Crim. Rep. 310.

HAWKINS, Judge.—Conviction is for burglary.   Punishment two years in the penitentiary.

It was not necessary to charge on circumstantial evidence.   Jim Brewer, an accomplice, testified directly to the commission of the

offense, and appellant's connection therewith.  It is not error to fail to charge on circumstantial evidence, though only direct evidence be that of an accomplice.  (Branch's Criminal Law, Sec. 203, and authorities collated).

We state enough of the testimony to make pertinent our discussion of the question presented in bills of exceptions one and two. On the night of May 17, 1921, a store house was burglarized.  A quantity of merchandise, consisting of various articles including some meal, was stolen.  On the morning after the burglary officers tracked an automobile to Jim Brewer's house and from there to appellant's where a car was found with some meal scattered on the floor.  The officers asked appellant if he objected to them searching his house without a search warrant.  The record is silent as to any reply, but no search was made at the time.  Appellant was taken in custody, a search warrant secured and the officers returned with it and appellant's house, barn, and some "patches" were searched. None of the stolen property was found at this time and appellant was released.  When Jim Brewer was arrested, as a result of statements made by him, a portion of the stolen property was found on his premises.  What Brewer told the officers is not disclosed by the record.  (He testified upon the trial that he, appellant and Clint Loden were the parties who burglarized the store and committed the theft and that the stolen property was divided among the three of them.)  Appellant was again taken into custody and placed in jail.  He was taken out of jail by Hays, one of the officers, and taken to appellant's place, and Hays testified over objection as follows: "I went with this defendant after that house was broken into down to his place.  Some of the goods were found later on his place. The defendant was under arrest.  I did not find the goods where he carried me at the time.  We went down below his house and he showed me where he stopped the car and got over the fence, and we went to a brush pile and there was none of the stuff there, and he said 'Well, I may have went further up from here,' and then we hunted all out in the woods.  They later found the goods.  He carried me and showed me where he had put them."

We understand from the record that this officer, having failed to find the stolen property returned appellant to jail.  Gregory, another officer, found a part of the stolen property on the premises belonging to appellant on the next day after appellant's trip with Hays, but at a different place from that pointed out by appellant while with Hays.  Gregory testified that he made three searches for the property before finding it on appellant's premises.  One of the searches was made at the time the search warrant was obtained.  The record is silent as to when and where the second search was made. At the time the property was found by Gregory it was some three or four hundred yards from appellant's house and something like one hundred yards from the road, but how far from that part of the premises covered by appellant and Hays on the previous day is not

shown. Objection was urged by testimony of Hays as to what appellant did and said to him on the ground that appellant was under arrest at the time, not warned, and that the stolen property was not found at the place pointed out by appellant, and that it was not shown to have been discovered as a result of what he told Hays. While appellant was testifying in his own behalf, over objection, he was asked by the State about matters that occurred on his trip with Hays. He denied that he showed Hays where he had hidden some of the stolen property, but claims he showed Hays where they had some car trouble. Officer Gregory was not present at the time Hays was with appellant, and there is nothing in the record to show that Gregory knew what appellant had done or said in the presence of Hays. Gregory does testify that Hays did not succeed in finding the property, but the record is silent as to whether Hays had ever informed Gregory of what he (Hays) learned from appellant. The officers had already tracked the automobile and found it at appellant's house with meal in it, and were already enough convinced that some of the property was on appellant's premises to authorize them to secure a warrant to search for it. There is nothing in the record showing that the second search made by officer Gregory was a result of any statement made or act done by appellant while with Hays. Indeed, as far as the record discloses, this search may have been made prior to the time Hays made the trip with appellant. Officer Hays does not untertake to testify that there was any indication or signs under the "brush pile" pointed out by accused showing that the stolen property had ever been there and had been removed.

Article 810, Penal Code, provides, in substance, that a confession, unless made under the formalities required, cannot be used "unless in connection with said confession he (that is, accused) makes statements of facts or circumstances that are found to be true and conduce to establish his guilt, such as the finding of secreted or stolen property, or the instrument with which he states the offense was committed." For authorities construing the above provision see, Musgraves v. State, 28 Texas Crim. Rep. 59; Allison v. State, 14 Texas Crim. App. 127; Buntain v. State, 15 Texas Crim. App. 487; Daggett v. State, 39 Texas Crim. Rep. 7. The gist of the statement made by appellant to Hays was: "I have some of the stolen goods hidden under a "brush pile" on my premises, and I will show you the place." Upon going there the statement was not found to be true, but the contrary. He then said, "Well, I may have went further up from here;" search was continued, presumably under appellant's directions, and the latter statement failed of verification. In Allison v. State, supra, will be found this language:

"The right to use such admissions and confessions is not limited to such cases only where it is shown that the property was actually found at the place indicated by the confession, but they are admissible also whenever they furnish information by which the property

is recovered, or when the property is traced by means of the information received from the prisoner.''

This proposition is supported by the many authorities cited in the Allison case, and also by Buntain and Daggett cases, supra. Recognizing the latter rule we have searched the record in vain for evidence which would authorize a conclusion that the subsequent search by officer Gregory, which resulted in finding the property, resulted from any information given by accused. If it resulted from information given by Brewer to the officers, the statement made by accused to Hays would be inadmissible. If Gregory was convinced from other facts discovered by him, independent of appellant's statement, that some of the property was secreted somewhere on accused's premises and persisted in the search until success rewarded his effort, the statement to Hays could not be shown. If Gregory found the property without knowledge of what accused told Hays, then nothing in the statement aided in the discovery of it.

As the record reveals itself to us, we are of the opinion that appellant's statement to, and acts in the presence of, Hays, and the cross-examination of appellant with reference thereto, should not have been allowed.

The judgment of the trial court is reversed and the cause remanded.

<em>Reversed and remanded.</em>