BOBBY LINK V. STATE

No. 34,362. March 14, 1962
Motion for Rehearing Overruled April 18, 1962

242

*Richard D. Bird,* Childress, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

McDONALD, Judge.

Appellant was convicted in Wilbarger County, after a change of venue from Hardeman County, for the offense of cattle theft; the punishment, two years.

The testimony shows that Foy Horton and W. C. Howard had been in the ranching business for many years. On Friday, April 22, when one of their cows was bawling and walking along the fence, they investigated and found that a small white-faced calf with a swallow fork mark in each ear, belonging to them, was missing, and that an examination of the fences failed to show where it could have gotten out. They testified that they did not give anyone their consent to take the calf. Howard testified that on Sunday, April 24, he saw a calf coming down the road about a mile east of his pasture; that it was his calf that was missing, and he put it in his pasture. Horton testified that when he next saw the calf it was back in the pasture sucking its mother. He further said that the calf, after its return, had the end of each ear cut off, but that there was a little swallow fork mark left in the ear.

The Sheriff and Horton traced the tracks of the calf to the farm of J. E. Troublefield. Troublefield testified that about April 21, he agreed to let Dale Barnett put a calf in his barn until Dale could sell it; that it was a white-faced calf and that it later got out of the barn.

Dale Barnett testified that about April 21, his brother, Willie Barnett, told him that he put a calf in Troublefield's barn. He went to the barn to see the calf and on finding it already marked, he cut the ends of the calf's ears off which was his mark. The testimony of Willie Barnett shows that he and the appellant took a young calf, which was ear marked, out of Horton's pasture after

dark, April 21, 1960, and put it in Troublefield's barn, and that he told Dale about it.

Appellant's written statement recites that he and Willie Barnett took a young calf of Horton's out of a pasture, put it in his car and took it to a barn on a farm; that Dale and Willie told him the calf had ear marks and Dale put his ear marks on the calf.

The appellant did not testify or offer any evidence in his behalf.

Appellant contends that the trial court erred in changing the venue from Hardeman County to Wilbarger County on the ground that a second indictment had been returned and he had not been arrested or made bond under the second indictment.

After the indictment had been returned against the appellant in this cause, he and his counsel appeared in said court and appellant filed his application for a change of venue. The application was granted and the venue changed to Wilbarger County. At this time the appellant and his sureties entered into a recognizance for his appearance before the District Court of Wilbarger County. When this cause was called for trial, the appellant appeared in person. No motions for continuance or postponement were filed. It is apparent from the above facts that the contention presents no error.

Complaint is made of that portion of the witness Howard's testimony when he said "As soon as the calf went back to the cow and was sucking, I just went on back to town," on the ground that it was implying that the calf was sucking its mother. In view of the witness Horton's testimony without objection, that after the calf returned to the pasture he saw it sucking its mother, no error is presented.

Error is urged because the witness Howard testified that he thought the calf was taken out of the pasture; and that he thought the calf could have gotten through the fence unassisted, but he did not think it would. If this testimony presents error it was rendered harmless by the introduction of appellant's written statement and the testimony of the accomplice that they took the calf out of the pasture.

Appellant contends that the trial court erred in failing to

submit to the jury the issue of the voluntariness of the confession.

This contention rests on Sheriff Owen's testimony before the jury that he told the appellant to tell the truth; that it would be better for him to tell the truth; and he explained to him that if he did not it would still be against him.

The admonition to tell the truth is not the type of inducement which would require a rejection of a confession. The evidence did not raise the issue of the involuntary character of the confession, hence no charge thereon was required. 2 Texas Law of Evidence, 81, Sec. 1204; Smith v. State, 91 Texas Cr. Rep. 90, 237 S.W. 265.

Appellant further urges error on the ground that the confession was not formally introduced in evidence.

The record shows that certain designated portions of the written confession were read to the jury by the county attorney, the person to whom it was made. There was no objection to the fact that it was not formally introduced in evidence.

Testimony read into the record is tantamount to the introduction in evidence of the documents from which the testimony was taken. 18 Texas Jur. 363, Sec. 230.

The evidence is sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.