**Billy Ray DYKES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 65329.

Court of Criminal Appeals of Texas,
En Banc.

July 13, 1983.

Rehearing Denied Oct. 19, 1983.

Steve Johnson, Marlin, for appellant.

Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION ON REINSTATEMENT OF THE APPEAL

DALLY, Commissioner.

The record has now been supplemented with the trial court's findings of fact and conclusions of law concerning the issues surrounding the taking of the appellant's confession. The appeal is reinstated and the appellant's grounds of error will be considered.

The first ground of error to be considered is that in which the appellant asserts he was unlawfully induced to make the confession because of promises made to him by the sheriff to whom he gave the confession, and because of promises made by others in positions of authority.

The pertinent findings of the trial judge are:

"3. Prior to signing the confession defendant was advised of his legal and constitutional rights and specifically waived them.

4. On several occasions, Sheriff Pamplin, whose credibility is not assailed, testified that no promises were made to defendant as an inducement for him to sign the confession.

5. There is no evidence of any probative force that shows any promise of any benefit to defendant that was sanctioned by the proper authority that would be likely to cause defendant to speak untruthfully."

We will not reiterate the facts already summarized in the opinion on original submission in which the appeal was abated 649 S.W.2d 633. The trial judge's finding that Sheriff Pamplin made no

threats or promises of reward or benefit to obtain the appellant's confession is supported by his testimony in the record. The appellant's testimony was rejected by the trial judge, as was that of the District Attorney, if it could in any way be considered as impeaching the testimony of the sheriff. Issues of fact concerning the voluntariness of a defendant's confession are for the trial judge to decide; he is the sole judge of the credibility of the witnesses. *Rumbaugh v. State,* 629 S.W.2d 747 (Tex.Cr.App.1982); *Moon v. State,* 607 S.W.2d 569 (Tex.Cr.App. 1980).

The appellant has also urged that the statements made to him by Kirk and Luedke induced him to confess. The statements attributed to Kirk and Luedke by appellant were not promises; they were expressions of opinion. Also, Kirk was called as a defense witness at the punishment stage of the trial and was asked by defense counsel whether the appellant's written statement was voluntary. Kirk replied that it was. Luedke's statement to appellant that if he would cooperate with Pamplin, Pamplin would help him was general. Luedke was not explicit as to how appellant should cooperate; Luedke did not suggest to appellant he should confess, nor tell him he would get a lighter punishment. Luedke was not a witness.

■ A confession is not rendered inadmissible because it is made after an accused has been told by the officer taking the confession that it would be best to tell the truth; *Smith v. State,* 91 Tex.Cr.R. 15, 237 S.W. 265 (Tex.Cr.App.1922); *Collins v. State,* 171 Tex.Cr.R. 585, 352 S.W.2d 841 (Tex.Cr.App.1961); *Link v. State,* 172 Tex. Cr.R. 241, 355 S.W.2d 713 (Tex.Cr.App. 1962), or "it would be best for him to go ahead and make a statement," or "it would be better to get his business straight," *Coursey v. State,* 457 S.W.2d 565 (Tex.Cr. App.1970). The opinions stated by Luedke and Kirk were no more likely to induce the confession than those of an officer taking the confession telling a defendant that it would be better to get his business straight or that it would be best to tell the truth. It

is not shown that the trial judge abused his discretion in resolving the disputed issues of fact against the appellant and finding the confession admissible.

The appellant also urges that the State failed to prove that he did not have the consent of the owners to enter the house he was alleged to have burglarized, and that the trial court erroneously admitted evidence unlawfully obtained.

■ The State proved lack of consent for entry of the burglarized house by the testimony of the alleged owner. However, the appellant urges this was not sufficient since the wife of the alleged owner testified and she was not asked whether she had consented to the entry of the house. This contention has no merit. *Mixon v. State,* 365 S.W.2d 364 (Tex.Cr.App.1963); *Fletcher v. State,* 396 S.W.2d 393 (Tex.Cr.App.1965); *Hogan v. State,* 529 S.W.2d 515 (Tex.Cr. App.1975); 4 Branch's Ann.P.C. 2d Ed., Section 2536, p. 864.

The appellant's ground of error in which he urges unlawfully obtained evidence was admitted presents nothing for review, except as it relates to the confession, since there were no pretrial motions or trial objections preserving these matters for review, except as to the confession.

The judgment is affirmed.

Opinion approved by the Court.