Lois STEVENSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 12-89-00042-CR.

Court of Appeals of Texas, Tyler.

Aug. 25, 1989.

David Ingram, Longview, for appellant.

Patrice Savage, Asst. Dist. Atty., Longview, for appellee.

PER CURIAM.

Appellant was convicted by a jury of three counts of burglary of a habitation. The jury assessed the punishment on each count at forty-five years' confinement and a $10,000 fine. We affirm.

Counsel for appellant has filed an appellate brief in which he has concluded that the record reflects no reversible error, and that there are no points of error upon which an appeal can be successfully predicated. In compliance with *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), counsel advanced three arguable points of error and furnished a copy of the brief to appellant, who has not filed a pro se brief.

In his second and third points, appellant argues that he was illegally arrested.[1] Appellant contends in his third point that the trial court erred in admitting into evidence an item of contraband obtained as a result of a search incident to his arrest. In his second point, appellant asserts that the trial court erred in admitting into evidence his written confession which was elicited shortly after his arrest.

■■■ It is undisputed that appellant was arrested without a warrant. The law in Texas regulating warrantless arrests is more stringent than the demands of the United States Constitution. *Milton v.*

---

1. In contravention of Tex.Code Crim.Proc. ch. 14 (Vernon 1977).

*State*, 549 S.W.2d 190, 192 (Tex.Cr.App. 1977). Under the fourth amendment "the usual rule is that a police officer may arrest without a warrant one believed by the officer upon reasonable cause to have been guilty of a felony." *United States v. Watson*, 423 U.S. 411, 417, 96 S.Ct. 820, 824, 46 L.Ed.2d 598 (1976). However, in Texas any arrest of a person without a warrant is deemed to be unreasonable unless it is specifically authorized by statute. *Heath v. Boyd*, 141 Tex. 569, 175 S.W.2d 214 (1943). The statutes governing warrantless arrests are to be strictly construed, *Honeycutt v. State*, 499 S.W.2d 662, 664 (Tex.Cr.App. 1973), and the burden is on the State to show that a warrantless arrest comes within a statutory exception to the general warrant requirement. *Wilson v. State*, 621 S.W.2d 799 (Tex.Cr.App.1981). Exceptions to the general rule are set out in Chapter 14 of the Texas Code of Criminal Procedure. Relevant to the instant case is Tex. Code Crim.Proc.Ann. art. 14.04 (Vernon 1977) which reads:

> Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused.

The statute requires that a police officer have "satisfactory proof" from a "credible person" that:

(1) a felony has been committed;

(2) that the person arrested is the offender;

(3) the offender is about to escape; and

(4) there is no time to procure a warrant.

*DeJarnette v. State*, 732 S.W.2d 346 (Tex. Cr.App.1987); *Jones v. State*, 640 S.W.2d 918 (Tex.Cr.App.1982).

■ Appellant and another man drove to the Rambling Creek addition in Longview, Texas, and pulled up in front of a gray, two-story house. Appellant stayed in the car while the other man walked to the carport area of the home. Appellant then walked up to the front door and rang the doorbell to see if anyone was home. When no one answered, he went around to the garage and observed that his friend had kicked in the back door. Appellant went back to his car and at that point, Barbara Johnson arrived home to discover that her house was being burglarized. The two men fled the scene and the police were contacted. Aubrey McElroy, a deputy sheriff with the Gregg County Sheriff's Department, was dispatched to the scene of the burglary and obtained a description of the vehicle, the occupants, and the vehicle's license plate number. Ron Buckner, a police officer with the Longview Police Department, heard the dispatcher state that a burglary had just occurred in the northern portion of Gregg County. The dispatcher described the alleged burglars as two black males, one being short and heavy and the other being taller. The vehicle was described as a light colored Pontiac or Chevrolet Monte Carlo bearing the license plate number 860 VFW. Shortly thereafter, Officer Buckner noticed a light green Chevrolet Monte Carlo with license number *860 FWV* turning off of Hawkins onto Judson road. Officer Buckner continued to watch the vehicle through his rearview mirror and observed two black males in the car matching the description that had been previously broadcasted. A short time later, the Monte Carlo pulled to the shoulder of the road. Officer Buckner pulled over and turned around and proceeded in the direction of the Monte Carlo. As he approached the vehicle, it turned onto Hill Street, a dead end road which only runs east of Judson. Officer Buckner continued to follow the suspects' vehicle down the street. When the Monte Carlo reached the end of the street, it turned around and proceeded back up Hill Street. As Officer Buckner approached the Monte Carlo, it pulled to the right shoulder of the road and Officer Buckner, along with several other officers, took the occupants into custody. Appellant was searched, and a gold plated necklace with a unicorn on it was found in his pocket. This necklace was later identified as an item taken from the Johnson home. Appellant was transported to the Sheriff's Department where he made a written statement concerning his involve-

ment in the Johnson burglary and other burglaries in the area.

Our review of the record persuades us that appellant's arrest was authorized by Tex.Code Crim.Proc.Ann. art. 14.04 (Vernon 1977). *Cf. Jones v. State*, 565 S.W.2d 934 (Tex.Cr.App.1978); *Dotsey v. State*, 630 S.W.2d 343 (Tex.App.—Austin 1982, no pet.).

█ A search incident to a lawful arrest requires no warrant if it is restricted to a search of the person or of objects immediately associated with the person being searched. *Jones v. State*, 640 S.W.2d 918 (Tex.Cr.App.1982). The necklace was a fruit of the search of the appellant's person incident to his lawful arrest and was therefore admissible in evidence. Appellant's third point of error is overruled.

Since the confession was not the product of an illegal arrest, it was admissible. Appellant's second point of error is overruled.

█ In his first point, appellant urges that his confession was coerced by threats and fear, and is consequently invalid and inadmissible.

In compliance with *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), and Tex.Code Crim.Proc.Ann. art. 38.22 § 6 (Vernon 1979), the trial court conducted a hearing in the absence of the jury, inquiring into the voluntariness of the confession. The appellant took the stand for the limited purpose of challenging the voluntariness of his confession. Appellant testified that at the scene of the arrest, Cecil Shelton, an investigator with the Gregg County Sheriff's Office, threatened him and this resulted in him giving a written confession approximately two hours later. The pertinent portion of appellant's testimony on direct examination appears as follows:

Q: Now, Lois, you've just heard Officer Willeford discuss a statement which was allegedly made by you at the Gregg County Sheriff's Department; is that correct?

A: Yes, sir.

Q: Did you make such a statement?

A: Yes, sir.

Q: Why did you make a statement to Officer Willeford?

A: At the time of arrest, Cecil—I don't know his last name, told me if I didn't talk and didn't sign nothing he'd make sure my—I don't know if I can use plain language, but he'd send me back to the penitentiary. That was at the arrest.

Q: Was that investigator Cecil Shelton—

A: Yes, sir.

Q: —of the Gregg County Sheriff's Department?

A: Yes, sir.

Q: Was he present at the time you were making this statement?

A: No, sir.

On cross-examination, appellant testified as follows:

Q: And Investigator Willeford made no threats to you, did he?

A: No, Cecil [Shelton].

Q: He made—there was—he did not promise you in any way to get you to sign that statement, did he?

A: No, ma'am.

Q: And you gave it to him with no other officers present; correct?

A: That's right.

Q: But you're saying that that was a result of a statement made to you earlier?

A: Yes, ma'am, of the arrest.

Q: And what exactly was that statement?

A: It was after Cecil said—he told me that what I told you earlier.

Q: Did he tell you to lie—

A: No, ma'am.

Q: —to admit something you didn't do?

A: No, he scared me.

Q: How did he scare you?

A: When he told me that if I didn't talk or didn't sign nothing or didn't tell him nothing that my A-S-S would go back to the penitentiary.

Q: Did he say, "I want you to sign a written statement"? [sic]

A: No, he didn't say no written statement.

Q: O.K. So, your signing a written statement wasn't even brought up at the scene, was it?

A: No, not no written statement, but as far as me not saying nothing or telling him nothing, he was saying what he would do to me. He was threatening my life.

Q: But that did not concern you giving a written statement, did it?

A: No.

Q: And when you talked to Willeford, you just told him what happened, didn't you?

A: I just told him.

It is undisputed that appellant was advised of his *Miranda* rights at the scene of the arrest.

Chuck Willeford, an investigator with the Gregg County Sheriff's Department, testified that prior to the taking of the confession he advised appellant of his rights. He stated that thereafter appellant signed a "Waiver-of-rights" form stating that he in fact had been advised of his rights. At this point, Officer Willeford related that he and appellant had a conversation about the Johnson burglary and another burglary. According to Officer Willeford, appellant then, approximately two hours after the arrest, signed the written confession. It is undisputed that appellant never invoked his *Miranda* rights. It is also undisputed that Investigator Willeford never threatened appellant nor used any force to induce his confession. It is also undisputed that Investigator Shelton, who allegedly threatened appellant, was not present during the taking of the confession. Willeford testified that he was with appellant continually from the time he was arrested until the appellant signed his confession and, in his opinion, appellant didn't appear to be frightened.

The next to last paragraph of appellant's confession appears as follows:

The above statement is true and correct to the best of my memory. I have given this statement to Investigator Willeford of my own free will. I have not been promised anything or threatened in any way to give this statement.

Appellant's initials appear at the end of this sentence.

Appellant testified that he and Willeford were alone in the room where the statement was taken and that Willeford never threatened him. However, he testified that the threat he received from Investigator Shelton two hours earlier at the scene of the arrest induced his confession.

At the close of the *Jackson v. Denno* hearing, the trial court ruled as follows:

THE COURT: All right. The Court finds as a matter of truth and as a matter of fact that the statement was not involuntary, that the Defendant was given his Miranda rights and understood them, and that there was no duress exercised on him at the time the statement was taken or in such immediate circumstances that it would have induced him to give the statement involuntarily, and I will enter a written order to that effect at a later time.

 The determination of whether a confession is voluntary must be based upon examination of the totality of the circumstances surrounding its acquisition. *Berry v. State*, 582 S.W.2d 463, 465 (Tex.Cr.App. 1979); *Farr v. State*, 519 S.W.2d 876, 880 (Tex.Cr.App.1975). The trial judge is the trier of fact at a hearing on the voluntariness of a confession. He is the exclusive judge of the credibility of the witnesses as well as the weight to be afforded their testimony. *Barton v. State*, 605 S.W.2d 605, 607 (Tex.Cr.App.1980). The standard of review on appeal, is whether the trial court abused its discretion. *Id.*

 It is elementary that a confession induced by threat or fear is involuntary and inadmissible. A confession is not rendered inadmissible because it is made after an accused has been told by an officer taking the confession that it would be best to tell the truth, *Smith v. State*, 91 Tex. Cr.R. 15, 237 S.W. 265 (Tex.Cr.App.1922); *Collins v. State*, 171 Tex.Cr.R. 585, 352 S.W.2d 841 (Tex.Cr.App.1961); *Link v. State*, 172 Tex.Cr.R. 241, 355 S.W.2d 713

(Tex.Cr.App.1962), or "it would be best for him to go ahead and make a statement," or "it would be better to get his business straight." *Coursey v. State,* 457 S.W.2d 565 (Tex.Cr.App.1970). A promise that defendant's cooperation would be made known to the prosecutor was held not sufficient to overbear his free will so as to render his confession involuntary. *U.S. v. Robinson,* 698 F.2d 448 (D.C.Cir.1983); *U.S. v. Fraction,* 795 F.2d 12 (3rd Cir. 1986); *Williams v. Johnson,* 845 F.2d 906 (11th Cir.1988).

An officer's statement that an accomplice has already given the police a statement did not constitute a threat of force. *Johnson v. State,* 698 S.W.2d 154 (Tex.Cr. App.1985). Encouraging a suspect to tell the truth, and suggesting that his cohorts might leave him "holding the bag" does not, as a matter of law, overcome the confessor's will. *U.S. v. Ballard,* 586 F.2d 1060 (5th Cir.1978). An officer's threat to file charges against a robbery defendant's wife did not render defendant's confession involuntary where the officer in fact had probable cause to arrest the defendant's wife for aiding in the commission of the robbery. *Allen v. McCotter,* 804 F.2d 1362 (5th Cir.1986). An FBI agent's statement to the defendant, "if you cooperate, it will go easy for you," and further informing defendant of the possible penalties for armed robbery, did not render his subsequent confession involuntary. *U.S. v. Morris,* 491 F.Supp. 226 (D.Ga.1980).

The statement made by Officer Shelton to appellant is similar to those cited above, and we hold that the statement was not of such character as to constitute an inducement of appellant's confession. Accordingly, the trial court did not err in admitting the confession into evidence. Appellant's first point of error is overruled.

The judgment of the trial court is affirmed.