NUMBER 13-00-399-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________


NICODEMUS NINO , Appellant,


v.


THE STATE OF TEXAS , Appellee.

__________________________________________________________________


On appeal from the Criminal District Court No. 1

of Dallas County, Texas.

__________________________________________________________________


O P I N I O N

Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Dorsey


A jury convicted appellant, Nicodemus Nino, of aggravated sexual assault of a child and assessed punishment at thirty-five
years in prison. The questions raised on appeal concern the voluntariness of his confessions, with appellant asserting it was
improperly obtained by offers of the police "to get him help." We affirm.

I. Facts

The victim, a twelve-year-old child, told her mother that appellant had raped her. He turned himself in to the police, and
Officers Meehan and Burgiel interviewed him with the entire interview recorded on videotape. Appellant confessed to
sexually abusing the child.

II. Pretrial Hearing

The court held a pretrial hearing on the admissibility of the written and video-taped confessions. No witnesses testified at
this hearing, but the trial judge had viewed the videotape prior to the hearing. Defense counsel argued that the confessions
were involuntary because the interrogating officers improperly induced appellant to confess by promising to get him "help"
for his "condition." (1) The trial court overruled the objection and found that appellant voluntarily gave the confessions. 
The court stated, "I . . . find . . . that any allusions to getting help in the context they were given was a matter of we will try
to get you some help, never if you don't sign this you won't get some help or anything like that, to indicate that he wouldn't
get help if he didn't sign a statement. . . ." The written and video-taped confessions were admitted into evidence during the
trial of this case.

III. Analysis

By issue one appellant asserts that his confessions were involuntary as he was improperly induced to confess by offers of
help from the police, A promise made by a police officer may render a confession involuntary if it was (1) positive, (2)
made or sanctioned by someone with apparent authority, (3) was of some benefit to the defendant, and (4) was of such a
character as would likely cause a person to speak untruthfully. Garcia v. State, 919 S.W.2d 370, 388 (Tex. Crim. App.
1994). To determine if the promise of a benefit was likely to influence the defendant to speak untruthfully we look to
whether the circumstances of the promise made the defendant "inclined to admit a crime he didn't commit." Id. The
ultimate question is whether the suspect's will was overborne. Creager v. State, 952 S.W.2d 852, 856 (Tex. Crim. App.
1997).

In Garcia the defendant gave a written confession which implicated himself and a co-defendant. The interrogating officer,
at least four times, said he would do what he could to help the defendant if he gave information of his co-defendant's 
involvement in other crimes. The court held the confession voluntary, stating that the officer "did not make any specific
promises--only that he would try to 'help him [the defendant] out' or would 'talk to the D.A.'--if defendant gave him
information on the co-defendant's involvement in other crimes." In Dykes v. State, 657 S.W.2d 796 (Tex. Crim. App.
1983) the court held that when a policeman made a general statement that he would help appellant if appellant cooperated
with him, appellant's confession was voluntary and not the result of a promise of leniency or a lighter sentence. Id. at 797.

Here the videotape reflects that appellant wanted help for his condition and that Officer Meehan told him that he would get
him some help. But neither Officer Meehan nor any other officer promised him help if he confessed. There is no
indication that appellant's will was overborne by a promise to get him help, and there is no evidence of trickery or
deception.

The videotape reflects that Officer Meehan made at least four references to getting appellant some help. First, after he gave
appellant his Miranda warnings he told appellant, "Just kind of start and tell me in your words, you know, so we can focus
on how we're going to solve this and get some help and how we need to proceed with this." Second, a short time later
Meehan told him, "Why don't you tell me what you and your wife--what you discussed with your wife and why you came
up here wanting some help." Third, during the interview appellant told Meehan, "I'm molesting her. I'm messing up her
life." Meehan replied, "Well, there's places--help for you out here. We'll see what we can do to get you some help." 
Fourth, after Meehan read the confession to appellant, he told appellant, "We're going to see if we can't get you some help
and get the thing resolved."

These statements are not the type that would influence appellant to confess untruthfully or make him inclined to admit a
crime that he did not commit. See Garcia, 919 S.W.2d at 388; Dykes, 657 S.W.2d at 797. Appellant has failed to show
that a party in authority positively promised to get him help in return for his confession. See Garcia, 919 S.W.2d at 388. 
We hold that the trial court did not abuse its discretion in admitting the confessions into evidence. We overrule the first
issue.

By issue two appellant asserts that the trial court failed to file findings of fact and conclusions of law and failed to instruct
the jury on the voluntariness of his confession.

A. Findings & Conclusions

Article 38.22, section 6 of the code of criminal procedure states that "the court must enter an order stating its conclusion as
to whether or not the statement was voluntarily made, along with the specific finding of facts upon which the conclusion
was based. . . ." Tex. Code Crim. Proc. Ann. art. 38.22, § 6 (Vernon 1979). A court has to file findings and conclusions
only when the facts surrounding the taking of the statement are disputed. Zervos v. State, 15 S.W.3d 146, 154 (Tex.
App.-Texarkana 2000, pet. ref'd). Here the videotape does not show that appellant's confession was induced by a promise
of help. Thus the facts surrounding the taking of the confession are not in dispute. Moreover the purpose of requiring the
court to file findings and conclusions concerning the voluntariness of the statement is to allow the appellate court to review
the propriety of the trial court's ruling that the portion of the statement allowed in evidence was voluntarily made. Zervos,
15 S.W.3d at 154. Here both the trial court and the appellate court have reviewed the videotape, so there is no need for
written findings of fact and conclusions of law to be made. Zervos, 15 S.W.3d at 154. Accordingly the failure to prepare
and file the findings and conclusions is harmless at most. See id. (and cases cited therein). We hold that the trial court did
not err in failing to make written findings of fact and conclusions of law.

B. Jury Instruction

Appellant asserts that the trial court erred in failing to instruct the jury on the voluntariness of his confession. Appellant
did not object to the trial court's failure to give this instruction; therefore, the standard for review is set forth in Almanza v.
State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). Almanza states that if no proper objection was made, a reversal will
only result if the error resulted in egregious harm. Id.

When the evidence raises the issue of voluntariness of a confession the trial judge shall appropriately instruct the jury,
generally, on the law pertaining to the statement. Tex. Code Crim. Proc. Ann. art. 38.22, § 7 (Vernon 1979). Here the facts
surrounding the taking of the confession are not in dispute, and the evidence does not raise an issue of voluntariness. We
conclude the instruction was properly not given. We overrule the second issue.

We AFFIRM the trial court's judgment.

______________________________

J. BONNER DORSEY,

Justice



Do not publish .

Tex. R. App. P. 47.3(b).

Opinion delivered and filed

this 23rd day of August, 2001.

1. Defense counsel did not identify a specific condition. But, the alleged condition apparently led to appellant's sexual
abuse of the child.