Affirmed and Memorandum Opinion filed December 15, 2009. 

 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-08-01089-CR



 

Richard Vashawn Redd, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 338th
District Court

Harris County, Texas

Trial Court Cause No. 1138407



 

MEMORANDUM  OPINION

 

Appellant Richard Vashawn Redd challenges his capital
murder conviction.  After the jury found appellant guilty, the trial court
assessed punishment at life imprisonment. 
Appellant appeals contending that (1) the trial court erred by not including an
instruction on the voluntariness of his statements in the jury charge; (2) the
trial court erred in admitting appellant’s statements into evidence; and (3) he
received ineffective assistance of counsel.  We affirm.

Background

On October 21, 2007, appellant and Malcom Isler drove
from Louisana to Baytown, Texas, to purchase marijuana.  Once in Baytown, they
met with Travis Black.  All three men then went to meet Brian Williams, a local
drug dealer, at the Boardwalk Apartments.  Appellant, Isler, and Black planned
to take the marijuana without paying for it.  Williams was later found dead in
his vehicle parked outside of the Boardwalk Apartments.  He had been shot three
times.

Appellant and Isler were pulled over for driving
without working taillights later that night by a Harris County Sherriff’s
deputy.  The Baytown Police Department was called to the scene because
appellant’s vehicle matched the description of the vehicle involved in
Williams’s murder.  Isler fled the scene and was not apprehended.  Appellant
was detained and taken to the Baytown Police Department, where he was questioned
by Detectives Elizondo and Dew.  During appellant’s first interview, appellant maintained
his innocence and did not confess to the murder.  After a break, Elizondo and
Dew interviewed appellant again.  During this second interview, appellant confessed
to Williams’s murder.  Both interviews were recorded on videotapes.  

The trial court admitted appellant’s videotaped
statements at trial.  Appellant did not object to their admission.  A jury
found appellant guilty of murdering Williams during the commission of a
robbery.  The trial court sentenced appellant to life imprisonment in an order
signed on November 21, 2008.  Appellant appeals from this judgment.  

Analysis

Appellant advances three issues on appeal: (1) the
trial court erred in failing to include an instruction regarding the
voluntariness of appellant’s statements under Texas Code of Criminal Procedure
article 38.22 sections 6 and 7 in the jury charge; (2) the trial court erred in
admitting appellant’s involuntary statements in violation of the Fifth
Amendment of the United States Constitution; and (3) appellant received ineffective
assistance of counsel.  

I.         Charge Error

Appellant first contends that the trial court erred
in failing “to instruct the jury on the voluntariness of his statements under”
Texas Code of Criminal Procedure article 38.22 sections 6 and 7.  

In reviewing alleged jury charge error, we first decide whether the trial court erred.  Warner v. State, 245 S.W.3d
458, 461 (Tex. Crim. App. 2008); Middleton v. State, 125 S.W.3d 450, 453
(Tex. Crim. App. 2003).  To determine whether error occurred, we examine “the
entire charge, the state of the evidence, including the contested issues and
weight of the probative evidence, the arguments of counsel, and any other
relevant information revealed in the record of the trial as a whole.”  Warner,
245 S.W.3d at 461.  If error occurred, we then determine
whether the defendant was harmed.  Middleton, 125 S.W.3d at 453.  If a
proper objection was made at trial, reversal is required if the error was
harmful or was “calculated to injure the rights of defendant.”  Almanza v.
State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984), overruled on other
grounds by Rodriguez v. State, 758 S.W.2d 787 (Tex. Crim. App. 1988).
 If appellant failed to properly object at trial, reversal is required “only if
the error was so egregious . . . that [defendant] has not had a fair and
impartial trial[.]”  Id.; see Warner, 245 S.W.3d at 461. 
“Egregious harm” occurs when the jury charge error affects “the very basis of
the case;” “deprives the defendant of a valuable right;” or “vitally affect[s]
a defensive theory.”  Warner, 245 S.W.3d at 462.    

Appellant did not properly request that an
instruction on the voluntariness of his statements be included in the jury
charge, and he did not object to the absence of such an instruction before the
charge was read to the jury.    Therefore, reversal is required “only if the
error was so egregious . . . that [defendant] has not had a fair and impartial
trial[.]”  Almanza, 686 S.W.2d at 171; see Warner, 245
S.W.3d at 461.  

A trial court “has an absolute sua sponte duty
to prepare a jury charge that accurately sets out the law applicable to the
specific offense charged.”  Delgado v. State, 235 S.W.3d 244, 249 (Tex.
Crim. App. 2007); see Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon 2007). 
A trial court generally has no duty to include an instruction sua sponte
on a defensive issue in the jury charge.  See Bennett v. State, 235
S.W.3d 241, 243 (Tex. Crim. App. 2007) (“Defensive instructions must be
requested in order to be considered applicable law of the case requiring
submission to the jury.”); Posey v. State, 966 S.W.2d 57, 61-64 (Tex.
Crim. App. 1998) (“[A] defensive issue is not [the law] applicable to the case
. . . unless the defendant timely requests the issue or objects to the omission
of the issue in the jury charge.”).  However, when a rule or statute requires
an instruction under the particular circumstance, that instruction is law applicable
to the case, and the trial court must include the required instruction, even if
it is not requested.  Oursbourn v. State, 259 S.W.3d 159, 180 (Tex.
Crim. App. 2008).

Texas Code of Criminal Procedure article 38.22
requires a trial court to include an instruction in the jury charge in certain
circumstances.  Id.  Article 38.22 contains “legislatively mandated
procedures governing the admission and consideration of a defendant’s
statements.”  Id.; see Tex. Code Crim. Proc. Ann. article 38.22
(Vernon 2005).  Article 38.22 section 6 requires a trial court to include an
instruction in the jury charge when a question is raised and litigated as to
the general voluntariness of a statement of an accused.  Oursbourn, 259
S.W.3d at 180.  Article 38.22 section 7 requires a trial court to include an
instruction in the jury charge when the evidence raises a genuine factual
dispute regarding whether a defendant “was adequately warned of his rights and
knowingly and intelligently waived” those rights.  Id. at 176, 180.             

Appellant first contends that the trial court should
have issued an instruction on the voluntariness of his statements under article
38.22 section 6.  The trial court’s duty to include an instruction sua
sponte under section 6 is trigged by (1) a party notifying the trial court,
or (2) the trial court raising the issue on its own.  Id. at 175.  The
trial court is required to include a section 6 instruction sua sponte only
if the parties actually litigate a section 6 voluntariness issue before the
trial court.  Id. 

Appellant contends that the trial court raised an
issue regarding the voluntariness of appellant’s statements on its own by
stating as follows at a pretrial hearing: “Now, I do notice we had some prior
discussions, not on the record this morning, but I noticed that there are
motions to suppress illegally obtained evidence and a motion to suppress oral
and written statements . . . .”  The motions to suppress had been filed by
appellant’s original attorney, Mr. Leitner.  The trial court granted
appellant’s motion to substitute counsel replacing Mr. Leitner as his attorney
of record with Mr. Davenport in an order signed on December 28, 2007.  At the
same pretrial hearing the following dialogue occurred:

The Court: But despite that fact that
you’ve had a motion to suppress that the State’s given notice that they intend
to introduce those, you don’t have an objection to those, is that correct?

 

Mr. Davenport: That is correct, Your
Honor.  I do not have an objection.

 

The Court: So with regard to those
motions to suppress, those three statements, you’re not asking that those be
heard at this time?

 

Mr. Davenport: That is correct, Your
Honor.     

 

Appellant did not pursue his
motion to suppress and did not object to the admission of his statements at any
time during trial.  

            In Oursbourn,
the court stated that section 6 contemplated the following sequence of events: 

(1)
a party notifies the trial judge that there is an
issue about the voluntariness of the confession (or the trial judge raises the
issue on his own); (2) the trial judge holds a hearing outside the presence of
the jury; (3) the trial judge decides whether the confession was voluntary; (4) if the trial judge decides that
the confession was voluntary, it will be admitted, and a party may offer
evidence before the jury suggesting that the confession was not in fact
voluntary; (5) if such evidence is offered before the jury, the trial judge
shall give the jury a voluntariness instruction.   

 

Id.  In this case, the
trial court merely inquired whether appellant desired to pursue his motions to
suppress.  Appellant stated that he did not.  Accordingly, the trial court did
not hold a hearing regarding appellant’s motion to suppress and did not hear
evidence regarding the voluntariness of appellant’s statements.  The trial
court was required to include a section 6 instruction sua sponte only if
the parties actually litigated a section 6 voluntariness issue before it.  See
id.  Because appellant did not pursue his motion to suppress and failed to
object to the admission of his statements, the parties did not litigate a
section 6 voluntariness issue before the trial court.  Therefore, the trial
court did not err in failing to include a section 6 instruction sua sponte
in the jury charge.  See id.   

Appellant also contends that the trial court should
have issued an instruction on the voluntariness of his statements under article
38.22 section 7.  Section 7 applies to statements made as the result of
custodial interrogation.  Tex. Code Crim. Proc. Ann. article 38.22 § 7; Oursbourn,
259 S.W.3d at 176.  The trial court’s duty to include an instruction sua
sponte under section 7 arises when the evidence raises an issue regarding (1)
law enforcement’s compliance with the statutory warnings set out in Texas Code
of Criminal Procedure articles 15.17 and 38.22 sections 2-3, and (2) the
voluntariness of a defendant’s waiver of his rights.  Oursbourn, 259
S.W.3d at 176.  An issue is “raised by the evidence” if there is a genuine
factual dispute.  Id.  

Although appellant’s statements were clearly made as
a result of a custodial interrogation, appellant cites no facts to support his
argument that the trial court should have included a section 7 instruction sua
sponte.  Rather, appellant concedes that there was not a genuine factual
dispute regarding appellant’s statement: “[D]espite the fact that there was no
issue of fact regarding the confession, the jury should have had an opportunity
to judge the voluntariness of it themselves.”  Further, the appellate record
contains no evidence disputing law enforcement’s compliance with the statutory
warnings set out in article 15.17 and 38.22 sections 2-3, or the voluntariness
of appellant’s waiver of those rights.  The trial court did not err by failing
to include a section 7 instruction sua sponte in the jury charge.           

            We overrule appellant’s
first issue.

II.        Fifth Amendment     


            Appellant
next contends his “rights under the Fifth Amendment to the United States
Constitution were violated when the trial court allowed the jury to consider
his involuntary statements made on the basis of illegal promises of leniency
and nonprosecution.”  Appellant advances this argument for the first time on appeal. 
Appellant did not object to the admission of his statements at trial; rather,
he stated “no objection” when each statement was offered and admitted into
evidence.  Further, appellant did not obtain a hearing and ruling on his motion
to suppress relating to these statements.  

            A party must
preserve error for appeal by a proper objection and an adverse ruling on that
objection.  Tex. R. App. P. 33.1; Tex. R. Evid. 103(a).  A party waives its
claim that evidence was inadmissible if the party fails to object at trial.  Saldano
v. State, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002).  Waiver applies even
if the claimed error concerns a violation of a constitutional right.  Id.
(“We have consistently held that the failure to object in a timely and specific
manner during trial forfeits complaints about the admissibility of evidence. 
This is true even though the error may concern a constitutional right of the
defendant.”); Saldivar v. State, 980 S.W.2d 475, 490 (Tex. App.—Houston
[14th Dist.] 1998, pet. ref’d) (defendant waived claim that confession was
involuntary, and thus inadmissible under state and federal constitutions,
because defendant failed to object at trial on these grounds).  Further, a
defendant who affirmatively states “no objection” to the admission of evidence
during trial waives any error.  Mikel v. State, 167 S.W.3d 556, 558
(Tex. App.—Houston [14th Dist.] 2005, no pet.).    

Appellant failed to raise a proper objection during
trial.  Further, appellant stated “no objection” when his statements were
offered and admitted into evidence.  Therefore, the claimed error is waived.  See
Saldano, 70 S.W.3d at 889; Mikel, 167 S.W.3d at 558; Saldivar,
980 S.W.2d at 490.

Nonetheless, even if appellant had preserved error
for appeal, the trial court did not err in admitting appellant’s statements.  When
determining whether a confession should have been excluded as a matter of
federal constitutional law, we decide whether the confession was voluntary or
coerced.  Arizona v. Fulminante, 499 U.S. 279, 285-86 (1991); see
also Colorado v. Connelly, 479 U.S. 157, 167 (1986) (coercive police
activity is necessary predicate to finding a confession involuntary).  A
confession is coerced if the defendant’s will was overborne by the
circumstances surrounding the confession. Dickerson v. United States,
530 U.S. 428, 434 (2000).  To make this determination, we examine the totality
of the circumstances surrounding the interrogation including the characteristics
of the accused and the details of the interrogation.  Id.; Fulminante,
499 U.S. at 286.  

Appellant argues that his statements were involuntary
because his “will was overborne by false promises and threats” made by
Detectives Elizondo and Dew in violation of the Fifth Amendment of the United
States Constitution.[1] 
Appellant claims statements made by Elizondo and Dew during the first interview
caused appellant to make an involuntary confession in the second interview. 
Specifically, appellant argues that Elizondo and Dew promised appellant that
(1) he would not get life in prison if he cooperated; (2) they were there to
help him; and (3) they were the only ones who could help him.      

We first address appellant’s argument that Elizondo
and Dew promised him they were there to help him and were the only ones who
could help him.  Appellant does not specify the exact promises made by Elizondo
and Dew that he assails.   General statements by an officer that he is there to
help defendant and is the only one who can help defendant do not indicate the
“if-then” relationship required to establish a promise.  See Chambers v.
State, 866 S.W.2d 9, 20 (Tex. Crim. App. 1993); see also Dykes v. State,
657 S.W.2d 796, 797 (Tex. Crim. App. 1983) (holding officer’s general but
unspecific offers to help are not likely to induce an untruthful statement).

Appellant next argues that Elizondo and Dew promised
him he would not get life in prison if he cooperated.  Specifically, appellant
argues that he was induced to confess by the following statement made by
Elizondo: “I guarantee that you’re not going to do life [in prison] like he
is.  Or who ever.”  In determining the voluntariness of a confession, police
falsehoods are relevant. See Frazier v. Cupp, 394 U.S. 731, 739 (1969); Green
v. State, 934 S.W.2d 92, 99 (Tex. Crim. App. 1996).  “Trickery or deception
does not make a statement involuntary unless the method [is] calculated to
produce an untruthful confession or was offensive to due process.”  Creager
v. State, 952 S.W.2d 852, 856 (Tex. Crim. App. 1997).  There also must be a
causal relationship between the complained of conduct and the defendant’s
confession: “Absent police conduct causally related to the confession, there is
simply no basis for concluding that any state actor has deprived a criminal
defendant of due process of law.”  Connelly, 479 U.S. at 164.  The
effect of a lie must be analyzed in the context of all the circumstances of the
interrogation.  Mason v. State, 116 S.W.3d 248, 257-58 (Tex.
App.—Houston [14th Dist.] 2003, pet. ref’d).    

Elizondo’s “guarantee” was part of a larger statement
in which Elizondo attempted to persuade appellant to tell his “side of the
story” before Isler was detained and blamed everything on appellant:

Somebody
made a big ass mistake tonight.  The only way to save your ass is to tell us
what happened.  Your side of the story.  I already told you my partner told you
when Malcolm comes in here he’s gonna blame everything on you man.  He’s been
to prison dude . . . he knows how to work the system.  He knows how to work the
damn system.  You need to talk right now tell us your side of the story.  Cause
I can guarantee you man he’s been down brother he ain’t gonna go down again. 
I’ll tell you right now.  He’s not gonna go down again.  I’m gonna let you know
that.  He knows what’s next for him.  He is going to go down for life.  That’s
up to you.  You care about your daughter and shit.  Well shit I got a daughter
too man.  I want to see my daughter graduate from school and do all of that.  Cause
the way your going right now man.  You ain’t gonna let that happen.  That’s not
gonna happen.  You’re not gonna see your daughter again.  I guarantee you.  I’m
here to help you.  I’m the only person around here’s gonna be able to help
you.  The only one.  And you could think I’m blowing smoke.  I don’t lie man. 
I don’t blow smoke up nobody’s ass.  I’m not lying.  I’ll do whatever I can
man.  I’ll call the DA right now and say look this is what we got.  This is
what this guy told me this is what he did.  How can we help him?  Are you going
to get charged with something.  I don’t know?  I’m not going to promise you
that.  But I guarantee that you’re not going to go do life like he is.  Or who
ever.  But you need to start talking be straight.  I have 15 years experience
doing this.  He’s got 20 years.  We’re not stupid man.  We’ve been at this all
night.  And you know what?  And it ain’t gonna be done brother we’ll be out
here all morning. 

    

This statement was made approximately
one hour into the first interview.  Throughout the first interview, Elizondo
and Dew repeatedly urged appellant to “just tell us what happened” and “tell me
your side of the story.”   Appellant maintained his innocence throughout the
first interview and did not confess.  Appellant confessed in the second
interview after Elizondo and Dew confronted him with evidence regarding the
location of the shooter in the car.  None of the “promises or threats”
appellant alleges induced him into involuntarily confessing were made during
the second interview.  Appellant has failed to establish a causal relationship
between the alleged promises and his confession.  See Connelly, 479
U.S. at 164.     

In evaluating the totality of the circumstances, we
also must consider the characteristics of the suspect.  Mason, 116
S.W.3d at 261.  A suspect’s ability to resist pressure is very relevant to the
issue of whether his confession is voluntary.  Id.  Here, appellant does
not claim he was mentally unstable, physically ill, or intoxicated at the time
of his confession.  See Greenwald v. Wisconsin, 390 U.S. 519, 520 (1968)
(physical illness); Columbe v. Connecticut, 367 U.S. 568, 620-21 (1961)
(mental instability); Jones v. State, 944 S.W.2d 642, 651 (Tex. Crim. App.
1996) (intoxication).  The record does indicate that appellant was inexperienced
in dealing with the police.  See Haynes v. Washington, 373 U.S. 503, 522
(1963) (considering suspect’s experience with police).  Based on these facts,
appellant’s will does not appear to have been overborne.  

This case is similar to Penaflor v. State, Nos.
14-05-00569-CR, 14-05-00570-CR, 2006 WL 3360550 (Tex. App.—Houston [14th Dist.]
Nov. 21, 2006, pet. ref’d) (mem. op., not designated for publication).  Penaflor
was convicted of aggravated kidnapping and aggravated sexual assault of A.R., a
child.  Id. at *2.  Officers Heidi Ruiz and Alfonso Yanez interviewed
Penaflor twice after his arrest.  Id. at *1.  Penaflor did not confess
during the first interview, but he did confess during the second interview.  Id. 
Penaflor filed a motion to suppress his confession.  Id. at *2.  The
trial court denied Penaflor’s motion to suppress and admitted the confession into
evidence.  Id.  Penaflor appealed, arguing that “the trial court erred
in denying his motion to suppress his confession because it was induced by
direct or indirect promises in violation of the Fifth Amendment of the United
States Constitution.”  Id.    

The court held that Penaflor’s confession was given
voluntarily.  Id. at *5.  In analyzing whether there was a causal
relationship between the alleged promises and Penaflor’s confession, the court
noted that Penaflor maintained his innocence throughout the first interview and
did not confess.  Id. at *4.  Rather, Penaflor confessed during the
second interview.  Id.  All of the alleged promises were made during the
first interview; none were made during the second interview.  Id. at *4-5. 
As a result, the court concluded that there was no causal relationship between
the alleged promises and Penaflor’s confession.  Id.  

The court also concluded that Penaflor’s will was not
overborne by the alleged promises because Penaflor did not argue that he was
mentally unstable, physically ill, or intoxicated when he confessed and, because
he had been arrested before, he had experience in dealing with police.  Id.
at *4.         

The circumstances here parallel Penaflor. 
Appellant was interviewed by Elizondo and Dew twice.  All of the alleged
promises appellant complains of on appeal were made during the first
interview.  Appellant maintained his innocence throughout the first interview
and did not confess; he confessed during the second interview.  Further,
appellant did not argue that he was mentally unstable, physically ill, or
intoxicated when he confessed.     

After reviewing the totality of the circumstances
surrounding appellant’s confession, we conclude that appellant’s confession was
voluntary.  See Dickerson, 530 U.S. at 434; Fulminante,
499 U.S. at 286.  Therefore, even if appellant had preserved error on this
issue for appeal, it would have been overruled. 

We overrule appellant’s second issue.

III.      Ineffective
Assistance of Counsel     

We review claims of ineffective
assistance of counsel under the standard set forth in Strickland v.
Washington, 466 U.S. 668 (1984).  See Stafford v. State, 813
S.W.2d 503, 506 (Tex. Crim. App. 1991) (en banc).  An appellant must establish
that (1) his trial counsel’s representation was deficient; and (2) the
deficient performance was so serious that it deprived the appellant of a fair
trial.  Strickland, 466 U.S. at 687.  To establish these prongs, the
appellant must establish by a preponderance of the evidence that (1) counsel’s
representation fell below the objective standard of prevailing professional
norms; and (2) there is a reasonable probability that, but for counsel’s
deficiency, the result of the proceeding would have been different.  Id.
at 690-94. A reasonable probability is one sufficient to undermine confidence
in the outcome of the trial.  Id. at 694; Ex parte Ellis, 233
S.W.3d 324, 330-31 (Tex. Crim. App. 2007).  This test is applied to claims
arising under the Texas Constitution as well as those arising under the United
States Constitution.  Hernandez v. State, 726 S.W.2d 53, 56-57 (Tex. Crim.
App. 1986) (en banc).

A criminal defendant is entitled to effective
assistance of counsel.  Strickland, 466 U.S. at 680; Stafford, 813
S.W.2d at 506; see also U.S.
Const. amend VI.  But this right does not entitle a defendant to
errorless counsel or counsel whose competency is judged by hindsight.  Stafford,
813 S.W.2d at 506.  Rather, this right affords a criminal defendant an attorney
reasonably likely to render reasonably effective assistance.  Strickland,
466 U.S. at 680; Stafford, 813 S.W.2d at 506.  When reviewing a claim of
ineffective assistance of counsel, we look to the totality of the
representation and not to isolated instances of error or to a single portion of
the trial.  Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999);
Rivera-Reyes v. State, 252 S.W.3d 781, 788-89 (Tex. App.—Houston [14th
Dist.] 2008, no pet.).  Appellate review of trial counsel’s representation is
highly deferential and presumes that counsel’s actions fell within the wide
range of reasonable and professional assistance.  Garza v. State, 213
S.W.3d 338, 348 (Tex. Crim. App. 2007).

If the reasons for counsel’s
conduct at trial do not appear in the record and it is at least possible that
the conduct could have been grounded in legitimate trial strategy, we will
defer to counsel’s decisions and deny relief on an ineffective assistance claim
on direct appeal.  Id.  To warrant reversal when trial counsel has not
been afforded an opportunity to explain those reasons, the challenged conduct
must be “‘so outrageous that no competent attorney would have engaged in it.’” 
Roberts v. State, 220 S.W.3d 521, 533-34 (Tex. Crim. App. 2007), cert.
denied, 128 S.Ct. 282
(2007) (quoting Goodspeed v. State, 187 S.W.3d 390, 392 (Tex.
Crim. App. 2005)).  A vague, inarticulate sense that counsel could have
provided a better defense is not a legal basis for finding counsel
constitutionally deficient.  Bone v. State, 77 S.W.3d 828, 836 (Tex. Crim.
App. 2002).  

Appellant did not file a motion for new trial based
on ineffective assistance of counsel and did not develop evidence of trial
counsel’s strategy for appellate review.  Therefore, to warrant reversal, the
challenged conduct must be “so outrageous that no competent attorney would have
engaged in it.”  Roberts, 220 S.W.3d at 533-34.  

Appellant argues his trial counsel was ineffective
because “he failed to object to the admission of [appellant’s] confessions,
failed to raise the voluntariness of [appellant’s] statements, and failed to
request instructions to the jury about the voluntariness of [appellant’s]
confessions that [appellant was] clearly entitled to . . . .”  

As discussed above, appellant was not entitled to
submission of an instruction on the voluntariness of his statements under
article 38.22 section 6 or 7.  Oursbourn, 259 S.W.3d at 176, 180; Posey,
966 S.W.2d at 61-64.  Therefore, appellant’s trial counsel was not deficient
for failing to request or object to the omission of the instructions in the
jury charge.  See generally Hardin v. State, 951 S.W.2d 208, 211 (Tex. App.—Houston
[14th Dist.] 1997, no pet.) (rejecting appellant’s claim for ineffective
assistance when trial counsel failed to request article 38.23 instruction when
appellant was not entitled to instruction); see also Randall v. State, No.
14-06-00468-CR, 2008 WL 5262738, at *8 (Tex. App.—Houston [14th Dist.] Dec. 18,
2008, no pet.) (mem. op., not designated for publication) (rejecting
ineffective assistance claim for failure to secure instructions under article
38.22 sections 6 and 7 when the accused was not entitled to the instructions). 

Also, appellant’s statements were admissible.  Before
this court may conclude counsel was ineffective for failure to make an
objection, appellant must show the trial court would have erred in overruling
the objection.   See Ex parte White, 160 S.W.3d 46, 53 (Tex. Crim. App.
2004); Vaughn v. State, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996); Jagaroo
v. State, 180 S.W.3d 793, 800 (Tex. App.—Houston [14th Dist.] 2005, pet.
ref’d) (trial counsel’s failure to object
did not amount to ineffective assistance
of counsel where objection would have been futile); Edmond
v. State, 116 S.W.3d 110, 115 (Tex. App.—Houston [14th Dist.] 2002, pet.
ref’d) (trial counsel is not ineffective for failing to
make a frivolous objection); Cooper v. State, 707
S.W.2d 686, 689 (Tex. App.—Houston [1st Dist.] 1986, pet. ref’d) (failure to object to admissible
evidence is not ineffective assistance of counsel).  Therefore, trial counsel was not
ineffective for failing to object to the admission of appellant’s statements.

With regard to appellant’s claims that his trial
counsel failed “to raise the voluntariness of [appellant’s] statements[,]”
appellant cannot satisfy Strickland’s first prong by showing by a
preponderance of the evidence that trial counsel’s representation fell below an
objective standard of reasonableness based on prevailing professional norms.  See
Rivera-Reyes, 252 S.W.3d at 788-89.  The record contains no evidence
regarding the trial strategy of appellant’s counsel.  Therefore, the record
does not rebut the presumption that trial counsel’s actions and decisions were
reasonably professional and were motivated by sound trial strategy.  See id.
  

Based on the record before us, we cannot say that the
challenged conduct was “so outrageous that no competent attorney would have
engaged in it.”  See Roberts, 220 S.W.3d at 533-34; Rivera-Reyes,
252 S.W.3d at 788-90.  Appellant has not shown by a preponderance of the
evidence that trial counsel’s representation fell below an objective standard
of reasonableness on the record in this case.  See Rivera-Reyes, 252
S.W.3d at 788-90.         

We overrule appellant’s third issue.

Conclusion

            We affirm the
trial court’s judgment.








                                                                                                                                                                                                                                    

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

 

Panel consists of Chief Justice
Hedges, Justices Anderson and Boyce.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
Appellant does not assert a claim under the Texas
Constitution or Texas statutory law. Therefore, we do not conduct the separate
analysis required to determine whether the statements of Detectives Elizondo and
Dew constitute improper inducements under state law.  See Muniz v. State,
851 S.W.2d 238, 251-52 (Tex. Crim. App. 1993) (requiring state and federal
claims of involuntariness to be argued on separate grounds with separate
substantive analysis or argument provided for each ground); see also Martinez
v. State, 127 S.W.3d 792, 794 (Tex. Crim. App. 2004) (applying four-prong
test to determine whether a promise rendered a confession involuntary pursuant
to Texas Code of Criminal Procedure article 38.21); Herrera v. State,
194 S.W.3d 656, 659-60 (Tex. App.—Houston [14th Dist.] 2006, pet. ref’d)
(applying “totality of the circumstances” test to claim asserted under federal
constitutional law, and four-prong test to claim asserted under state law).