

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00599-CR

Juan G. **RODRIGUEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR4740
Honorable Laura Parker, Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Marialyn Barnard, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  September 5, 2018

AFFIRMED

Juan G. Rodriguez was convicted by a jury of aggravated robbery and attempted aggravated sexual assault.  On appeal, Rodriguez contends the trial court erred in admitting his recorded statements to the police.  Rodriguez also contends the evidence is legally insufficient to support his conviction for attempted aggravated sexual assault.  We affirm the trial court's judgment.

**ADMISSIBILITY OF STATEMENTS**

In his first issue, Rodriguez contends the trial court erred in denying his motion to suppress his statements to the police in which he confessed to the facts of the charged offenses. Specifically, Rodriguez contends: (1) he did not knowingly and voluntarily waive his rights; and (2) the record is devoid of evidence that the procedural requirements contained in article 38.22, section 3(a) were met relating to the accuracy of the recording equipment, the competency of the operator, the recording being accurate and not altered, and the identification of all voices on the recording. As the State notes in its brief, however, Rodriguez did not assert his second complaint before the trial court; therefore, that complaint is not preserved for our review. *See* TEX. R. APP. P. 33.1; *Hallmark v. State*, 541 S.W.3d 167, 171 (Tex. Crim. App. 2017) (holding complaint on appeal must comport with trial objection to preserve issue for appellate review). Accordingly, we only address Rodriguez's contention that he did not knowingly and voluntarily waive his rights.

Voluntariness is a factual determination that is assessed by considering the totality of the circumstances surrounding the statement. *Wyatt v. State*, 23 S.W.3d 18, 23 (Tex. Crim. App. 2000); *Fineron v. State*, 201 S.W.3d 361, 365 (Tex. App.—El Paso 2006, no pet.). "We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review." *Lerma v. State*, 543 S.W.3d 184, 189–90 (Tex. Crim. App. 2018). "At a motion to suppress hearing, the trial judge is the sole trier of fact and judge of credibility of witnesses and the weight to be given to their testimony." *Id*. at 190. "Therefore, we afford almost complete deference to the trial court in determining historical facts." *Id*. However, we review the trial court's application of the law to the facts de novo. *State v. Ford*, 537 S.W.3d 19, 23 (Tex. Crim. App. 2017).

Rodriguez first contends he did not waive his rights because he never affirmatively stated he was waiving his rights but was either silent or responded, "I think so." The State responds Rodriguez waived his rights either verbally or by affirmatively nodding. Although mere silence

is not enough to establish a waiver of rights, waiver can be clearly inferred in some cases from the actions and words of the person interrogated. *Garcia v. State*, 429 S.W.3d 604, 608 (Tex. Crim. App. 2014). "An implied waiver of one's rights is established upon a showing that the accused: (1) was given the proper warnings; (2) understood the warnings and their consequences; and (3) made an uncoerced statement." *Hernandez v. State*, 387 S.W.3d 881, 885 (Tex. App.—San Antonio 2012, no pet.). "Simply making a statement is often the kind of conduct viewed as indicative of one's intention to waive her rights." *Id.*

When Rodriguez was read his rights before his first statement and responded "I guess so" in response to whether he understood his rights, the officers questioning him went to greater lengths to explain his rights to him. After the additional explanation, Rodriguez nodded affirmatively when asked if he understood his rights. He then proceeded to respond to some of the questions posed to him. Similarly, Rodriguez nodded affirmatively when asked if he understood the rights read to him prior to the taking of his second and third statements. Therefore, Rodriguez affirmatively nodded when asked if he understood his rights and answered the questions he chose to answer. The trial court could have determined from the totality of the circumstances that Rodriguez affirmatively waived his rights.

Rodriguez also contends his statement was involuntary because one of the detectives promised him leniency and to speak to the judge and jury on his behalf. A promise only renders a confession invalid if the promise is "positive, made or sanctioned by someone in authority, and of such an influential nature that it would cause a defendant to speak untruthfully." *Martinez v. State*, 127 S.W.3d 792, 794 (Tex. Crim. App. 2004). In this case, the videotape shows that the statements made by the detective were in reference to God and seeking forgiveness for mistakes. The detective told Rodriguez he could inform the judge and jury that Rodriguez was remorseful in explaining the circumstances of the offense, and Rodriguez agreed a judge and jury would be more

merciful if he was remorseful. "At most, the evidence shows that the [detective] indicated that appellant could not hope to obtain mercy if he was not truthful, but [the detective] spoke of mercy in philosophical terms and never told appellant that mercy would entail lenient treatment from the authorities." *Jackson v. State*, No. AP-75,707, 2010 WL 114409, at \*3 (Tex. Crim. App. Jan. 13, 2010) (not designated for publication). A general statement by an officer to help if the defendant cooperates is not the type of promise that renders a confession invalid. *See Dykes v. State*, 657 S.W.2d 796, 797 (Tex. Crim. App. 1983). Here, the detective did not make a positive promise of such an influential nature that it would cause Rodriguez to speak untruthfully; therefore, we conclude the detective's statements that he would be able to tell the judge and jury that Rodriguez was remorseful did not make Rodriguez's waiver of his rights involuntary. *See id.* ("A confession is not rendered inadmissible because it is made after an accused has been told by the officer taking the confession that it would be best to tell the truth.").

**SUFFICIENCY**

In his second issue, Rodriguez contends the evidence is legally insufficient to support his conviction for attempted aggravated sexual assault. Rodriguez specifically challenges the sufficiency of the evidence to support a finding that he intended to sexually assault the victim or engaged in any act beyond mere preparation.

When examining the sufficiency of the evidence, we consider all the evidence in the light most favorable to the conviction to determine whether, based on the evidence and reasonable inferences therefrom, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). As the factfinder, the jury is the exclusive judge of witness credibility and the weight of the evidence. *Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016).

A defendant's intent can be inferred from circumstantial evidence, such as his words, actions, and conduct. *Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004); *Rivera v State*, 363 S.W.3d 660, 670 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Here, the victim testified that she awoke to find Rodriguez kneeling on her bed and leaning over looking at her. The victim further testified Rodriguez held a gun on her while pulling her down the bed by her ankles and undoing his pants. When the victim asked Rodriguez what he was doing, Rodriguez stated he intended to have sex with her. While the victim tried to convince Rodriguez to take property from the home instead of assaulting her and tried to assist Rodriguez in locating property he was willing to take, Rodriguez continued telling the victim he wanted to have sex with her. The victim testified, "That's what he wanted. That's what he kept telling me." This testimony was sufficient to support the jury's finding that Rodriguez intended to sexually assault the victim.

A person is guilty of attempting to commit an offense if "he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." TEX. PENAL CODE ANN. § 15.01(a) (West 2011). "[T]he statute establishing the offense of attempt, draws an 'imaginary line' between mere preparatory conduct, which is usually non-criminal, from an act which tends to effect the commission of the offense, which is always criminal conduct." *Adekeye v. State*, 437 S.W.3d 62, 68 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). "Where the imaginary line is to be drawn depends on the nature of the crime attempted and must be considered on a case-by-case basis." *Jones v. State*, 229 S.W.3d 489, 497–98 (Tex. App.—Texarkana 2007, no pet.); *see Adekeye*, 437 S.W.3d at 68-69 ("Where the imaginary line falls must be determined on a case-by-case basis.") "[T]he attempt statute does not require that every act short of actual commission be accomplished in order for one to be convicted of an attempted offense." *Hackbarth v. State*, 617 S.W.2d 944, 946 (Tex. Crim. App. 1981).

Here, Rodriguez pulled the victim down the bed by her ankles while undoing his pants. These actions were more than mere preparation. They were actions Rodriguez needed to take in order to sexually assault the victim. "The fact that [Rodriguez] could have taken further actions, without actually committing the offense of [sexual assault], does not act so as to render his actions nothing more than mere preparation." *Id*. Accordingly, we hold the evidence is legally sufficient to support Rodriguez's conviction.

## CONCLUSION

The judgment of the trial court is affirmed.

Sandee Bryan Marion, Chief Justice

DO NOT PUBLISH