Ruben HERRERA, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–05–00201–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

May 16, 2006.

Allen C. Isbell, Houston, for appellant.

Donald W. Rogers, Houston, for appellee.

Panel consists of Justices FOWLER, EDELMAN, and GUZMAN.

## OPINION

WANDA McKEE FOWLER, Justice.

Appellant, Ruben Herrera, was convicted of capital murder and sentenced to an automatic life sentence. On appeal, he raises two points of error relating to a videotaped confession: (1) that it was inadmissible under Texas Code of Criminal Procedure Article 38.23; and (2) that it was inadmissible under the Fifth Amendment as applied to the states through the Fourteenth Amendment to the United States Constitution. Appellant's claims are the same insofar as his basis for appeal is that police officers made promises of leniency and thus rendered the confession inadmissible. We affirm.

### Factual and Procedural Background

This appeal concerns solely the voluntariness of an oral confession. There are no challenges to the sufficiency of evidence, or to the admissibility of any other particular pieces of evidence. Thus, we outline the facts only briefly.

A grand jury indicted appellant, Ruben Herrera, of capital murder. At trial, the State introduced a videotaped interview between appellant and police in which Herrera admitted involvement in various crimes. The record contains a full transcript of this videotape and we have viewed it ourselves. Appellant objected to the videotape's admission on several bases. In this appeal, he claims only that the police promised him leniency if he spoke to them and thus that his confession was inadmissible either because he was induced or coerced into confessing. Specifically, appellant complains that the following statements from police violated Texas statutory law and federal constitutional law:

Sergeant Mayer: You're looking at a bunch of time right now, but I think you can help us.

Mr. Herrera: (Laughter.) How's that helping me?

Sergeant Mayer: We can talk to the D.A., get you an offer, if you help us.

Mr. Herrera: Yeah, I can help you. What do you-all want to know?

Sergeant Mayer: But I think we can help you, if you'll help us with these.

According to appellant, these statements from police constituted a promise of leniency. Further, appellant notes that until this point in the videotape, he had not implicated himself at all.

The trial court held a hearing on the motion to suppress and, after viewing the tape and hearing testimony from Officer Tyler, who was also present at the interview, overruled the motion. An edited version of appellant's videotaped confession was ultimately admitted at trial. The jury convicted appellant of capital murder. Because the State did not seek the death penalty, the trial court imposed an automatic life sentence. Appellant timely filed notice of appeal. We affirm.

## Analysis

### I. Standard of Review

■ Before passing upon appellant's issues, we must first determine the applicable standard of review. *Guzman v. State*, 955 S.W.2d 85, 87 (Tex.Crim.App. 1997). When reviewing a trial court's ruling on a motion to suppress, we afford almost total deference to determinations of historical facts, especially when those determinations involve assessment of witness credibility and demeanor. *See Masterson v. State*, 155 S.W.3d 167, 170 (Tex.Crim. App.2005). However, when, as here, we have a videotape of the confession and an uncontroverted version of events, we re-

view the trial court's ruling on an application of law to facts de novo. *See generally Mayes v. State*, 8 S.W.3d 354, 358 (Tex. App.-Amarillo 1999, no pet.) (applying de novo review to trial court's ruling on motion to suppress because credibility and demeanor were not at issue when facts surrounding interrogation were videotaped and uncontroverted); *Douglas v. State*, No. 09–00–00484–CR, 2002 WL 538859, at *1–5 (Tex.App.-Beaumont April 10, 2002, no pet.) (not designated for publication) (explaining that the evidence on the motion to suppress was a videotape of the encounter and uncontroverted testimony from two police officers; determining that, while giving appropriate deference to the finding of historical facts, the court would review the trial court's ruling de novo); *see also, Carmouche v. State*, 10 S.W.3d 323, 332 (Tex.Crim.App.2000) (stating that the court will not turn a blind eye to a videotape when it presents indisputable visual evidence contradicting the testimony of a police officer; also noting that evaluating videotape evidence does not involve evaluations of credibility and demeanor); *Oles v. State*, 993 S.W.2d 103, 106 (Tex.Crim.App. 1999) (reviewing de novo ruling on motion to suppress where there is a question of law with no disputed facts). Like our sister courts and the Court of Criminal Appeals, we do not turn a blind eye to the videotape. Rather, we have reviewed the videotape, note there is no controversy about the statements made, and made our ruling based on a de novo review.

### II. There Were No Promises of Leniency

Appellant brings his claim under both state statutory and federal constitutional law. While the claims have the same basis—namely, the police induced or coerced appellant's confession with promises of leniency—they are decided with different

tests. Yet regardless of which test we apply, the result is the same: the police did not make such a promise to appellant so as to overbear his will or to induce him to confess falsely. As we explain below, it is immaterial whether appellant actually testified falsely; it matters only that the promise made was not of such a character to overbear appellant's will or to cause him to testify falsely.

Articles 38.21 and 38.23 of the Texas Code of Criminal Procedure govern the introduction of certain evidence in criminal prosecution. Article 38.21 provides, "[a] statement of an accused may be used in evidence against him if it appears that the same was freely and voluntarily made without compulsion or persuasion, under the rules hereafter prescribed." TEX.CODE CRIM. PROC. Art. 38.21. Article 38.23 states, *inter alia*, "[n]o evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of Amer-

ica, shall be admitted in evidence against the accused on the trial of any criminal case." At trial, appellant argued police promised leniency in exchange for his confession. As a result, appellant claims, the police induced or coerced his statement— either would be enough under our statutory scheme to prevent the statement's admission at trial. Here, we address two exceptionally similar, though differently stated, standards under state and federal law to determine if appellant's confession was so tainted by police activity, such that it should have been excluded.[1] We take each in turn.

### A. State Claims

Texas law uses a four-prong test when evaluating whether police made an improper inducement so as to render a confession inadmissible. *Martinez v. State*, 127 S.W.3d 792, 794 (Tex.Crim.App. 2004) (laying out test for invalid confession under Article 38.21).[2] To render a confes-

---

1. Initially, we note most cases evaluating promises of leniency do not seem to draw formal distinctions between federal and state standards; neither do they explain why they have chosen to use the test for inducement versus the test for voluntariness. *See, e.g., Masterson v. State*, 155 S.W.3d 167, 170–71 (Tex.Crim.App.2005) (reviewing the claim for impermissible promises of leniency without identifying a federal or state standard); *Charles v. State*, 14–01–01247–CR, 14–01–01248–CR, 14–01–01249–CR, 2003 WL 21511268 at *6 (Tex.App.-Houston [14th Dist.] July 3, 2003) (not designated for publication) (discussing impermissible promises for leniency without stating it is making separate determinations based on state and federal law) (aff'd on other grounds, 146 S.W.3d 204 (Tex.Cr.App.2004)); *but cf. Espinosa v. State*, 899 S.W.2d 359, 364 (Tex.App.-Houston [14th Dist.] 1995, pet. ref'd) (highlighting the difference between the test for inducement— the standard under state law—with coercion—the test for voluntariness under federal law; however, that court did not consider a federal claim of coercion). Because, as the *Espinosa* court highlights, the tests are dis-

tinct, we separate them for our consideration. Perhaps there is some elevation of form over substance as the result is likely the same under either. *See generally Henderson v. State*, 962 S.W.2d 544, 564–65 (Tex.Crim.App. 1997) (reviewing question of inappropriate statements under both state statutory and federal constitutional standards and ultimately using its resolution of the question under the state standard for inducement to also answer the federal question of voluntariness). However, the tests are different, as the test for coercion seeks to determine if the defendant's will was actually overborne, while the test for inducement seeks to determine if the promise would likely lead to a false confession. Of course, it does not matter under either test if the confession were false or not.

2. At other times, courts focus on the language in Article 38.21 stating that the confession must be "freely and voluntarily made without compulsion or persuasion." *See Drake v. State*, 123 S.W.3d 596, 602 (Tex.App.-Houston [14th Dist.] 2003, pet. ref'd). In those cases, the courts utilize the totality-of-the-circum-

sion inadmissible, there must be (1) a promise of some benefit to the accused, (2) that is positive, (3) made or sanctioned by someone in authority, (4) and that is of such an influential nature it would cause a defendant to speak untruthfully. *Id.; Espinosa v. State*, 899 S.W.2d 359, 363 (Tex. App.-Houston [14th Dist.] 1995, pet. ref'd). The truth or falsity of the confession is immaterial under either state or federal law; the question is whether or not the promise likely would lead to a false confession. *Martinez*, 127 S.W.3d at 794–95. Here, the promise is not of that character.

■ The question in this case comes down to whether the statement, "[w]e can talk to the D.A., get you an offer, if you can help us[,]" amounts to a positive promise by someone with apparent authority that would likely induce a false confession.[3] Based on this statement and the others contained in the record, appellant cannot meet the test.

Even assuming the police made a promise of some benefit, it is not a positive promise of leniency, the police never claimed to have the authority to make an offer, and the promise was certainly not of such an influential nature to cause a defendant to speak untruthfully.

Sergeant Mayer merely told appellant he or others would talk to the District Attorney and would get an offer. Mayer never indicated he personally had any authority to make an offer. By the words

used, appellant could not assume Mayer was actually making any particular offer. Further, an offer could be anything. There is no guarantee that an offer would be lenient or otherwise advantageous and the statement is not a positive statement of some benefit. Moreover, none of Sergeant Mayer's statements are specific enough to influence someone like appellant—who was savvy enough to ask what benefit he would receive by speaking to the officers—to speak. Thus, appellant fails the second, third and fourth prongs of the test.

**B. Federal Constitutional Claims**

■ When determining whether or not a confession should have been excluded as a matter of federal constitutional law, we decide whether the confession was voluntary or coerced. *Arizona v. Fulminante*, 499 U.S. 279, 285–86, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991). Our review examines the totality of the circumstances, not whether the defendant would have refused to confess but for the promise. *Id.* The ultimate question is whether the defendant's will was overborne. *Drake*, 123 S.W.3d at 602 (citing *Creager*, 952 S.W.2d at 855). Examining all of the circumstances, appellant's will was not overborne to confess. He did so freely.

■ Appellant lists only the promise as a circumstance operating to overcome his will. The only evidence adduced was the

stances test to determine if the confession were voluntary, rather than the four-prong test. *See id.* (citing *Creager v. State*, 952 S.W.2d 852, 855 (Tex.Crim.App.1997)). The principal determination is phrased as whether or not the defendant's will was overborne. *See id.* This standard contrasts with the standard of *Martinez* and *Espinosa*, in which the concern is whether the promise was likely to induce a false confession. We address the test for coercion below under our evaluation of appellant's federal claim.

3. Appellant also points to answers given in a cross-examination in which the officer makes a statement about whether or not he made such a promise. Appellee counters that the specific testimony appellant references came out later during the trial, not during the motion to suppress. However, this is a moot point. The officer's trial testimony concerned what we can plainly see and hear on the videotape. Like the Court of Criminal Appeals, we will not turn a blind eye to the videotape. *See Carmouche*, 10 S.W.3d at 332.

videotape and testimony by one police officer. Appellant did not take the stand—as was his right—and he did not introduce any other evidence. As a result, based upon his arguments here and below, the sole factor he gives us to consider is the alleged promise of leniency. However, as we have discussed already, there was no promise of leniency. At most, there was a promise to obtain an offer. Yet significantly, the terms of the offer were not discussed, and that statement was made only once. The record does not contain evidence showing that appellant's will was overborne due to coercion. We overrule appellant's points of error.

## Conclusion

Having reviewed the record and determined there was nothing improper about the police conduct, we overrule appellant's points of error.