Vacated, Remanded, and Memorandum Opinion filed January 7, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-01011-CR

___________________

 

Julio Cesar Puente, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 262nd District Court

Harris County,
Texas



Trial Court Cause No. 1153795

 



 

 

MEMORANDUM OPINION

Appellant Julio Cesar Puente
challenges his conviction for aggravated sexual assault of a child.  Appellant
pleaded guilty pursuant to a plea agreement.  The trial court accepted
appellant’s guilty plea and assessed punishment as confinement for 21 years. 
Appellant appeals contending that (1) the trial court erred in denying his
motion to suppress his confession; and (2) the trial court’s assessment of
punishment was illegal.  We vacate the trial court’s judgment and remand. 

Background

Appellant was in a romantic relationship with J.C.’s [1] mother and lived
with her and J.C.  While changing J.C.’s diaper on February 12, 2008, J.C.’s
mother noticed that J.C.’s anus was red.  She asked appellant if anything had
happened while she was at work that day.  Appellant stated that he inserted his
finger into J.C.’s anus.  J.C. was four years old at the time.

J.C.’s mother contacted the police and they
interviewed appellant the following day.  Appellant was not under arrest at the
time of the interview and voluntarily spoke with the police.  During the
interview, appellant confessed to inserting his finger into J.C.’s anus and
kissing J.C.’s penis.  

Appellant was subsequently arrested and charged with
aggravated sexual assault of “a child younger than six years of age.” 
Appellant filed a motion to suppress his confession on October 20, 2008.  The
trial court held a hearing and denied appellant’s motion to suppress on October
21, 2008.  

After the trial court’s denial of appellant’s motion
to suppress, the State amended the indictment to strike the words “a child younger
than 6 years of age.”  Appellant then pleaded guilty to the amended indictment
in exchange for the State’s promise to recommend that the trial court assess
punishment as confinement for 21 years.  The trial court accepted appellant’s
guilty plea, and after confirming that the parties had “entered into a plea
bargain for 21 years’ confinement,” assessed punishment as confinement for 21
years.    

Analysis

            Appellant
presents two issues on appeal: whether (1) the trial court erred in denying
appellant’s motion to suppress his confession; and (2) the trial court’s
assessment of punishment as confinement for 21 years was illegal.  We address
each in turn.  

I.         Motion to
Suppress

Appellant first challenges the trial court’s denial
of his motion to suppress his confession.  Appellant filed a motion to suppress
alleging that his confession was obtained in violation of federal
constitutional law because it was involuntary and the result of coercion. 
Appellant does not argue that his confession was obtained in violation of Texas
Code of Criminal Procedure article 38.22 or the Texas Constitution.[2]    

We review a trial court’s denial of a motion to
suppress for abuse of discretion.  Oles v. State, 993 S.W.2d 103, 106
(Tex. Crim. App. 1999); State v. Vasquez, 230 S.W.3d 744, 747 (Tex. App.—Houston
[14th Dist.] 2007, no pet.).  An abuse of discretion occurs when the trial
court’s decision is so clearly wrong as to lie outside the zone of reasonable
disagreement.  Cantu v. State, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992)
(en banc).  We review the evidence in the light most favorable to the
trial court’s ruling.  Gutierrez v. State, 221 S.W.3d 680, 687 (Tex. Crim.
App. 2007).  The trial court is the exclusive factfinder and judge of
the credibility of the witnesses.  State v. Ross, 32 S.W.3d 853, 855
(Tex. Crim. App. 2000) (en banc); Turner v. State, 252 S.W.3d 571, 576
(Tex. App.—Houston [14th Dist.] 2008, pet. ref’d).  We afford almost total
deference to the trial court’s determination of historical facts supported by
the record, especially when the trial court’s findings are based on an
evaluation of credibility and demeanor.  See Guzman v. State, 955 S.W.2d
85, 89 (Tex. Crim. App. 1997) (en banc).  We afford the same amount of
deference to the trial court’s ruling on mixed questions of law and fact if the
resolution of these questions turns on an evaluation of credibility and
demeanor.  Id.  We review questions not turning on credibility and
demeanor de novo.  Id.  If the trial court’s decision is correct
under any theory of law applicable to the case, the decision will be sustained.
 Estrada v. State, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005).  

When determining whether a confession should have
been excluded as a matter of federal constitutional law, a court must decide
whether the confession was voluntary or coerced.  Arizona v. Fulminante,
499 U.S. 279, 285-86 (1991).  A confession is coerced if the defendant’s will
was overborne by the circumstances surrounding the confession. Dickerson v.
United States, 530 U.S. 428, 434 (2000).  To make this determination, a
court must examine the totality of the circumstances surrounding the
interrogation including the characteristics of the accused and the details of
the interrogation.  Id.; Fulminante, 499 U.S. at 286.  Coercive
police activity is a necessary predicate to finding a confession involuntary.  See
Colorado v. Connelly, 479 U.S. 157, 167 (1986).    

Appellant argues that the trial court abused its
discretion in denying his motion to suppress because the trial court “refus[ed]
to consider [appellant’s] evidence of physical abuse.”  During the motion to
suppress hearing, appellant argued that his confession was involuntary because
he was physically impaired after being assaulted by J.C.’s mother, resulting in
injuries to his head and left arm.  Appellant also claimed that he had not
slept the night before he was interviewed by the police and his lack of sleep
contributed to his failure to make a knowing and intelligent waiver of his
rights.  During the hearing on appellant’s motion to suppress, appellant’s
attorney instructed him to show the trial court scars on his head and left arm
allegedly caused by J.C.’s mother on February 12, 2008.  The trial court looked
at appellant’s head, but stated “I don’t care about the arm” and did not look
at appellant’s arm.  The trial court also heard evidence from two police
officers who testified that appellant (1) was not under arrest when he
confessed, (2) was read his legal rights, and (3) did not claim he did not
understand his legal rights.  After hearing all of the evidence, the trial
court denied appellant’s motion to suppress, finding the officers’ testimony
credible and appellant’s testimony not credible.    

Appellant argues that the trial court refused to
consider “appellant’s legal argument by stating that ‘I don’t care about the
arm.’”  Contrary to appellant’s argument, the trial court heard appellant’s
arguments regarding physical abuse.  The trial court also looked at appellant’s
head.

Furthermore, appellant does not contend that his
injuries were caused by the police.  He also does not contend that his alleged
lack of sleep was caused by the police.  For a confession to be involuntary
under federal constitutional law, there must have been coercive police activity. 
See id.; Perry v. State, 158 S.W.3d 438, 446 (Tex. Crim.
App. 2004) (evidence of appellant’s intoxication and injury did not render
confession involuntary because it did not involve police coercion or other
official overreaching).  Appellant does not advance any arguments alleging that
his confession was the result of coercive activity by the police.

Viewing the evidence in the light most favorable to
the trial court’s ruling, we cannot say that the trial court abused its
discretion in finding that appellant’s confession was not involuntary or the
result of police coercion.  See Connelly, 479 U.S. at 167; Perry,
158 S.W.3d at 446.  Thus, the trial court did not err in denying appellant’s
motion to suppress his confession.     

We overrule appellant’s first issue.       

II.        Illegal
Sentence

Appellant next challenges the legality of his
sentence.  Appellant argues that the amended indictment charged him with the
offense of sexual assault, but did not allege that the victim was a child.  The
maximum penalty for sexual assault is confinement for 20 years.  See Tex.
Penal Code Ann. §§12.33(a), 22.011(f) (Vernon 2003).  Accordingly, appellant
argues that his 21 year sentence is illegal because it exceeds the statutory
maximum penalty.

Initially we must determine whether there was a proper
amendment to the indictment.  An indictment may be amended at any time before
trial begins or after trial begins if the defendant does not object.  Tex. Code
Crim. Proc. Ann. art. 28.10(a)-(b) (Vernon 2006).  An indictment may be amended
by interlineation on the original or a copy of the indictment.  Riney v.
State, 28 S.W.3d 561, 565 (Tex. Crim. App. 2000).  Interlineation is “the
actual, physical alteration of the face of the charging instrument.”  Id. 
An amendment to an indictment must be memorialized in writing and granted by
the trial court.  See id. at 565-66.

Appellant initially was indicted for aggravated
sexual assault of “a child younger than six years of age.”  On October 21,
2008, the State submitted an amendment to the indictment by physically striking
through the words “a child younger than six years of age” on a copy of the
indictment.  Appellant did not object to the amendment.  The trial court
subsequently approved the amendment.  Therefore, the indictment was properly
amended.  See id.; Tex. Code Crim. Proc. Ann. art. 28.10(a)-(b).       

The amended indictment reads as follows:

.
. . JULIO CESAR PUENTE, hereafter styled the Defendant, heretofore on or about
February 12, 2008, did then and there unlawfully, intentionally and knowingly
cause THE PENETRATION OF THE ANUS of [J.C.], who was not the spouse of the
Defendant, hereafter styled the Complainant WITH FINGER . . . .   

 

The State argues that the parties intended to delete
the words “younger than six years of age,” leaving the allegation that the
victim was “a child.”  A defendant is to be tried only on the crimes alleged in
the indictment.  Abdnor v. State, 871 S.W.2d 726, 738 (Tex. Crim. App. 1994)
(en banc).  When the indictment facially alleges a complete offense, the State
is bound by the theory alleged in the indictment.  See Fisher v. State,
887 S.W.2d 49, 55, 57 (Tex. Crim. App. 1994) (en banc), overruled on other
grounds by Malik v. State, 953 S.W.2d 234 (Tex. Crim. App. 1997) (en banc).
 This is true regardless of whether the State intended to charge that offense.  See
Thomason v. State, 892 S.W.2d 8, 11 (Tex. Crim. App. 1994) (en banc); Castillo
v. State, 7 S.W.3d 253, 258 (Tex. App.—Austin 1999, pet. ref’d).  The
indictment alleges the complete offense of sexual assault.  See Tex.
Penal Code Ann. § 22.011(a). Therefore, the State is bound by the
indictment regardless of its intentions.[3]
 See Thomason, 892 S.W.2d at 11; Castillo, 7 S.W.3d at 258.  

A sentence that is outside the maximum or minimum
range of punishment is unauthorized by law and therefore illegal. 
Mizell v. State, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) (en banc); Ex
parte Seidel, 39 S.W.3d 221, 225 n.4 (Tex. Crim. App. 2001) (en banc).  A
defendant may obtain relief from an unauthorized sentence on direct appeal or
by a writ of habeas corpus.  Mizell, 119 S.W.3d at 806.  Appellant was
sentenced to confinement for 21 years.  Because the amended indictment only
alleged the offense of sexual assault, the maximum penalty appellant could have
been sentenced to is confinement for 20 years.  See Tex. Penal Code Ann.
§§ 12.33(a), 22.011(f).  Therefore, appellant’s sentence is illegal. 
See Mizell, 119 S.W.3d at 806; Ex parte Seidel, 39 S.W.3d at 225
n.4.  When punishment pursuant to a negotiated plea agreement exceeds the
statutory maximum, the proper relief is to return the parties to their
respective positions before the guilty plea was entered.  Ex parte Rich,
194 S.W.3d 508, 515 (Tex. Crim. App. 2006); Ex parte Beck, 922 S.W.2d
181, 182 (Tex. Crim. App. 1996) (per curiam).     

We sustain appellant’s second issue.

Conclusion

We conclude that the trial court did not abuse its
discretion in denying appellant’s motion to suppress.  We further conclude that
appellant’s sentence to confinement for 21 years is illegal.  Therefore, we
vacate the trial court’s judgment in cause number 1153795 in the 262nd District
Court of Harris County, order the parties returned to their respective
positions before the “guilty” plea was entered, and remand this case to the
trial court for further proceedings consistent with this opinion. 

 

                                                                                    

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

 

Panel consists of Justices
Frost, Boyce, and Sullivan.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]  To protect the child
victim’s identity, he is referred to as “J.C.” 





[2] Because appellant does not assert a claim under the Texas Constitution
or Texas statutory law, we do not conduct the separate analysis required to
determine whether appellant’s confession was involuntary under state law.  See
Muniz v. State, 851 S.W.2d 238, 251-52 (Tex. Crim. App. 1993) (en banc) (requiring
state and federal claims of involuntariness to be argued on separate grounds
with separate substantive analysis or argument provided for each ground); see
also Martinez v. State, 127 S.W.3d 792, 794 (Tex. Crim. App. 2004)
(applying four-prong test to determine whether a promise rendered a confession
involuntary pursuant to Texas Code of Criminal Procedure article 38.21); Herrera
v. State, 194 S.W.3d 656, 659-60 (Tex. App.—Houston [14th Dist.] 2006, pet.
ref’d) (applying “totality of the circumstances” test to claim asserted under
federal constitutional law, and four-prong test to claim asserted under state
law).

 





[3]
The State also
argues that the parties’ intent is evidenced by the trial court’s acceptance of
appellant’s guilty plea to the crime of “aggravated sexual assault of a child
as charged in the indictment as amended.”  But the trial court may not enlarge
the offense alleged in the indictment and convict the defendant on a basis or
theory not alleged in the indictment.  See Reed v. State, 117 S.W.3d
260, 265 (Tex. Crim. App. 2003); Castillo, 7 S.W.3d at 258-59.