NO. 07-08-0501-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 JUNE 16, 2010

 ROGELIO PENA, JR., APPELLANT

 v.

 THE STATE OF TEXAS, APPELLEE

 FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

 NO. 2007-417,493; HONORABLE BRADLEY UNDERWOOD, JUDGE

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 MEMORANDUM OPINION

 Appellant, Rogelio Pena, Jr., pled guilty in open court to two
felony offenses, aggravated sexual assault and indecency with a
child.[1] He was sentenced by a jury to two concurrent sentences of
sixty and twenty years confinement, respectively, and fined $10,000
for each offense. Appellant asserts (1) the trial court erred by
imposing sentences disproportionate to the offenses underlying his
convictions resulting in a violation of federal and state
constitutional prohibitions against cruel and unusual punishment and
(2) his counsel rendered ineffective assistance during the punishment
phase of his case. We affirm.

I. Cruel and Unusual Punishment

 Appellant contends the trial court's imposition of concurrent
sentences of sixty years confinement for aggravated sexual assault and
twenty years confinement for indecency with a child[2] violates the
state and federal constitutional prohibition against cruel and unusual
punishment.[3]

 In order to preserve for appellate review a complaint that a
sentence is grossly disproportionate constituting cruel and unusual
punishment, a defendant must present to the trial court a timely
request, objection, or motion stating the specific grounds for the
ruling requested.[4] Curry v. State, 910 S.W.2d 490, 497
(Tex.Crim.App. 1995) (holding failure to make specific objection at
trial waives Eighth Amendment claim of cruel and unusual punishment).
Accord Nicholas v. State, 56 S.W.3d 760, 768 (Tex.App.--Houston [14th
Dist.] 2001, pet. ref'd); Solis v. State, 945 S.W.2d 300, 301
(Tex.App.--Houston [1st Dist.] 1997, pet. ref'd). Because Appellant
failed to object on grounds of cruel and unusual punishment at the
sentencing hearing or in his motion for new trial, he failed to
preserve error for review. See Ladd v. State, 3 S.W.3d 547, 564
(Tex.Crim.App. 1999); Rodriquez v. State, 917 S.W.2d 90, 92 (Tex.App.--
Amarillo 1996, pet. ref'd). Appellant's first point of error is
overruled.

II. Ineffective Assistance of Counsel

 Appellant asserts his counsel was ineffective because he failed
to object to: (1) his disproportionate sentences, (2) the
admissibility of his confession, and (3) irrelevant and prejudicial
testimony by Adam Puckett, a Lubbock County Probation Officer.

 A. Standard of Review

 The Sixth Amendment guarantees the right to the reasonably
effective assistance of counsel in state criminal prosecutions.
McMann v. Richardson, 397 U.S. 359, 771 n.14, 90 S.Ct. 1441, 24
L.Ed.2d 763 (1970). We examine ineffective assistance of counsel
claims by the standard enunciated in Strickland v. Washington, 466
U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by
Texas in Hernandez v. State, 726 S.W.2d 53, 56-57 (Tex.Crim.App.
1986). This standard applies to both the punishment stage and the
guilt/innocence and punishment stage of criminal proceedings.
Hernandez v. State, 988 S.W.2d 770, 772 (Tex.Crim.App. 1999).

 Under this standard, Appellant has the burden to show by a
preponderance of the evidence that (1) trial counsel's performance was
deficient, i.e., fell below the prevailing professional norms, and (2)
the deficiency prejudiced the defendant; that is, but for the
deficiency, there is a reasonable probability[5] that the result of
the proceeding would have been different. See Mitchell v. State, 68
S.W.3d 640, 642 (Tex.Crim.App. 2002); Thompson v. State, 9 S.W.3d 808,
812 (Tex.Crim.App. 1999). To overcome the strong presumption that
counsel's conduct fell within the wide range of reasonable
professional assistance and presumption that the challenged action
might be considered valid trial strategy; Strickland, 466 U.S. at 689,
"any allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged
ineffectiveness." Thompson, 9 S.W.3d at 814. Judicial review must be
highly deferential to trial counsel and avoid the deleterious effects
of hindsight. Ingham v. State, 679 S.W.2d 503, 509 (Tex.Crim.App.
1984). See Goodspeed v. State, 187 S.W.3d 390, 392 (Tex.Crim.App.
2005); Thompson, 9 S.W.3d at 812-13.

 In the usual case in which an ineffective assistance claim is
made, "the record on direct appeal will not be sufficient to show that
counsel's representation was so deficient and so lacking in tactical
or strategic decision-making as to overcome the presumption that
counsel's conduct was reasonable and professional." Bone v. State, 77
S.W.3d 828, 833 (Tex.Crim.App. 2002). This is generally the case
because a silent record provides no explanation for counsel's actions
and therefore will not overcome the strong presumption of reasonable
assistance. Freeman v. State, 125 S.W.3d 505, 506 (Tex.Crim.App.
2003); Rylander v. State, 101 S.W.3d 107, 110-11 (Tex.Crim.App.
2003).[6]

 This case demonstrates "the inadequacies inherent in evaluating
ineffective assistance claims on direct appeal." Patterson v. State,
46 S.W.3d 294, 306 (Tex.App. --Fort Worth 2001, pet. ref'd). Like
Patterson, Appellant's motion for new trial did not claim ineffective
assistance, the trial court did not hold a hearing to determine
whether Appellant's complaints of ineffective assistance involved
actions that may or may not be grounded in trial strategy and the
record does not reflect counsel's reasons for doing or failing to do
the things of which Appellant complains.

 B. Disproportionate Sentences

 Appellant challenges his trial counsel's failure to object to
his two concurrent sentences as cruel and unusual punishment.
However, other than to refer this Court to arguments asserting his
punishment was cruel and unusual, Appellant's brief contains no
citations to the record or case law establishing counsel was
ineffective in not making the objection. Appellant's brief merely
states "[s]uffice it to say that, assuming this Court holds
appellant's point of error waived despite its fundamental nature,
counsel erred by not objecting on those grounds and thus not
preserving error." Appellant does not cite any case law or other
authority in support of this contention. Thus, the contention was
insufficiently briefed, and therefore, waived. Tex. R. App. P.
38.1(h). See Cardenas v. State, 30 S.W.3d 384, 393 (Tex.Crim.App.
2000).

 Even if this contention had not been waived, Appellant has not
established that the trial court would have committed error in
overruling such an objection. See Vaughn v. State, 931 S.W.2d 564,
566 (Tex.Crim.App. 1996). Where, as here, an appellant's sentences
were within the range authorized by statute, the punishment is
generally not considered cruel and unusual punishment. Harris v.
State, 656 S.W.2d 481, 486 (Tex.Crim.App. 1983); McNew v. State, 608
S.W.2d 166, 174 (Tex.Crim.App. 1978); Samuel v. State, 477 S.W.2d 611,
615 (Tex.Crim.App. 1972); Rodriquez v. State, 917 S.W.2d 90, 92
(Tex.App.--Amarillo 1996, pet. ref'd). See Ajisebutu v. State, 236
S.W.3d 309, 314 (Tex.App.--Houston [1st Dist.] 2007, pet. ref'd);
Jacoby v. State, 227 S.W.3d 128, 131 (Tex.App.--Houston [1st Dist.]
2006, pet. ref'd).

 Moreover, we will not engage in prohibited speculation. See
Stafford v. State, 101 S.W.3d 611, 613-14 (Tex.App.--Houston [1st
Dist.] 2003, pet. ref'd); Stultz v. State, 23 S.W.3d 198, 208
(Tex.App.--Houston [14th Dist.] 2000, pet. ref'd). A silent record
provides no explanation for counsel's actions and therefore will not
overcome the strong presumption of reasonable assistance. Freeman,
125 S.W.3d at 506. Based on this record, we cannot say that
Appellant's counsel's failure to object was "so outrageous that no
competent attorney would have engaged in it." Goodspeed, 187 S.W.3d
at 392 (quoting Garcia v. State, 57 S.W.3d 436, 440 (Tex.Crim.App.
2001)).

 C. Confession

 Appellant next contends his counsel was ineffective because he
did not object to the admissibility of his confession when two
"promises," made by the State during interrogation prior to
Appellant's confession, rendered Appellant's confession involuntary,
i.e., Detective Davidson testified he told Appellant that "the only
way appellant's situation would get any better is for appellant to
tell the truth" and "he would speak highly of appellant to the
district attorney's office."

 Before a promise will render a confession inadmissible, the
promise must be shown to have induced the confession. Muniz v. State,
851 S.W.2d 238, 254 (Tex.Crim.App.), cert. denied, 510 U.S. 837, 114
S.Ct. 116, 126 L.Ed.2d 82 (1993). In order to induce a confession,
the promise must be (1) of some benefit to the defendant, (2)
positive, (3) made or sanctioned by someone in authority, and (4) of
such an influential nature that it would likely influence a defendant
to speak untruthfully. Fisher v. State, 379 S.W.2d 900, 902
(Tex.Crim.App. 1964). An improper inducement must be of exceptional
character before it will invalidate an otherwise valid confession.
Espinosa v. State, 899 S.W.2d 359, 364 (Tex.App.--Houston [14th Dist.]
1995, pet. ref'd). Thus, general, non-specific offers to help a
defendant are unlikely to elicit a false statement by the suspect, and
will not render a confession invalid. Id. (citing Dykes v. State,
657 S.W.2d 796, 797 (Tex.Crim.App. 1983). Neither will general
statements about how a confession might result in more lenient
treatment invalidate a confession. Id.

 Statements similar to, if not more specific than, those made to
Appellant by Detective Davidson have been held insufficient to render
a suspect's statement involuntary. See Chambers v. State, 866 S.W.2d
9, 21 (Tex.Crim.App. 1993) ("everything is going to be alright"),
cert. denied, 511 U.S. 1100, 114 S.Ct. 1871, 128 L.Ed.2d 491 (1994);
Coursey v. State, 457 S.W.2d 565, 568-69 (Tex.Crim.App. 1970) ("it
would be best for him to go ahead and make a statement" or "it would
be better to get his business straight"), Brown v. State, 220 S.W.2d
476, 478 (Tex.Crim.App. 1949) (officer told suspect "the best thing to
do was to tell the truth about it, that people might think more of him
to do it"). See also Herrera v. State, 194 S.W.3d 656, 660 (Tex.App.--
Houston [14th Dist.] 2006, pet. ref'd) ("[w]e can talk to the D.A.,
get you an offer, if you can help us"); Lee v. State, 964 S.W.2d 3, 13
(Tex.App.--Houston [1st Dist.] 1997, pet. ref'd) ("if I was you . . .
I would tell what I knew to get it off of my chest, so that I would
feel better"); Espinosa v. State, 899 S.W.2d 359, 362-63 (Tex.App.--
Houston [14th Dist.] 1995, pet. ref'd) ("[g]o ahead and tell us what
happened. Everything will be better for you, you will get less
time"). Moreover, a confession is not rendered inadmissible because
it is made after an accused has been told it would be best to tell the
truth. Smith v. State, 91 Tex. Crim. 15, 237 S.W. 265, 267 (1922).
See also Humphries v. State, 163 Tex. Crim. 601, 295 S.W.2d 218, 220
(1956); Brown v. State, 153 Tex. Crim. 381, 220 S.W.2d 476, 478-79
(1949).

 Even assuming Detective Davidson made a promise of some benefit,
the statements are not positive promises of leniency, Detective
Davidson never claimed to have authority to make an offer, and the
statements were certainly not of such an influential nature to cause a
defendant to speak untruthfully. Under the circumstances, even if
counsel had objected to admission of the confession on the basis now
asserted by Appellant, we cannot say there was a reasonable
probability the result would have been any different.

 D. Probation Officer's Testimony

 Appellant also contends his counsel was ineffective because he
did not object to testimony from the State's rebuttal witness, Adam
Puckett, a Lubbock County Probation Officer, as irrelevant and/or
extremely prejudicial. Specifically, Appellant asserts his counsel
should have objected to Puckett's testimony regarding probation
violations by convicted sex offenders.

 The record does not reflect defense counsel's reasons for not
objecting to the testimony. In assessing a claim of ineffective
assistance, we "must indulge a strong presumption that counsel's
conduct [fell] within the wide range of reasonable professional
assistance; that is, the [appellant] must overcome the presumption
that, under the circumstances, the challenged action might be
considered sound trial strategy." Strickland, 466 U.S. at 689. Also,
in the absence of evidence of counsel's reasons for the challenged
conduct, an appellate court "commonly will assume a strategic
motivation if any can possibly be imagined." Garcia v. State, 57
S.W.3d 436, 440 (Tex.Crim.App. 2001) (quoting 3 W. LaFave, et al.,
Criminal Procedure § 11.10(c) (2d. ed 1999)).

 Appellant has failed to demonstrate that his trial counsel's
performance fell below an objective standard of reasonableness. His
counsel may have considered such an objection futile because Suzy
Byrd, a court officer for the Lubbock County Adult Probation
Department, testified for the defense to the terms and conditions of
probation for sex offenders, what occurs if there is a violation of
the conditions of probation, and how common it is for persons to
violate their probation. She also testified that, based upon her
experience with sex offenders on probation, it was less common for sex
offenders to violate their probation than other probationers. Jim
Branaman, a psychologist, also testified for the defense on an
evaluation he performed on Appellant for the purposes of determining
the likelihood he would reoffend. Branaman also testified whether
treatment was available for sex offenders while on probation and what
would occur if conditions of probation were violated. Puckett was the
State's rebuttal witness to Byrd's and Branaman's testimony.

 Evidence that is otherwise inadmissible may become admissible
when a party opens the door to such evidence; Williams v. State, 301
S.W.3d 675, 685 (Tex.Crim.App. 2009) (citing Hayden v. State, 296
S.W.3d 549, 554 (Tex.Crim.App. 2009)), and it is not ineffective
assistance for trial counsel to forego making frivolous arguments and
objections. See Edmond v. State, 116 S.W.3d 110, 115 (Tex.App.--
Houston [14th Dist.] 2002, pet. ref'd). Accordingly, we conclude
Appellant has not met the first prong of the Strictland test.

 Having considered each of Appellant's contentions and
allegations of ineffective assistance of counsel, we hold that his
trial counsel's conduct did not so undermine the proper functioning of
the adversarial process that Appellant's punishment hearing cannot be
relied on as having produced a just result. See Strickland, 466 U.S.
at 686. Appellant's second point of error is overruled.

 Conclusion

 The trial court’s judgment is affirmed.

 Patrick A. Pirtle
 Justice

Do not publish.

-----------------------
[1]See Tex. Penal Code Ann. §§ 22.021(a)(2)(B), 21.11(a)(1) (Vernon
Supp. 2009).

[2]The offense of "aggravated sexual assault" is classified as a first
degree felony punishable by life or for any term of not more than 99
years or less than 5 years and a fine up to $10,000. Tex. Penal Code
Ann. § 12.32 (Vernon Supp. 2009). The offense of "indecency with a
child" is classified as a second degree felony punishable by not more
than 20 years or less than 2 years confinement and up to a $10,000
fine. Id. at § 12.33.

[3]See Tex. Const. art. I, § 13; U.S. Const. amend. VIII, XIV.

[4]See Tex. R. App. P. 33.1(a). The complaining party must object at
the earliest possible opportunity and obtain an adverse ruling; Wilson
v. State, 71 S.W.3d 346, 349 (Tex.Crim.App. 2002), and, on appeal, the
arguments must comport with the objection at trial, or the error is
waived. Id. (quoting Thomas v. State, 723 S.W.2d 696, 700
(Tex.Crim.App. 1986)). Even constitutional errors may be waived by a
failure to object at trial. Fuller v. State, 253 S.W.3d 220, 232
(Tex.Crim.App. 2008). Although appellate courts may take notice of
fundamental error affecting rights so fundamental to the judicial
system that they are granted special protection and cannot be waived
by inaction alone; Blue v. State, 41 S.W.3d 129, 131 (Tex.Crim.App.
2000), a cruel and unusual complaint does not constitute fundamental
error. Trevino v. State, 174 S.W.3d 925, 927-28 (Tex.App.--Corpus
Christi 2005, pet.ref'd).

[5]A "reasonable probability" is one "sufficient to undermine
confidence in the outcome." Bone v. State, 77 S.W.3d 828, 833
(Tex.Crim.App. 2002).

[6]An adequate record is best developed by an application for a writ
of habeas corpus or by developing facts and details with a thorough
and detailed examination of the alleged ineffectiveness. See Jackson
v. State, 973 S.W.2d 954, 957 (Tex.Crim.App. 1998). See also Aldrich
v. State, 104 S.W.3d 890, 896 (Tex.Crim.App. 2003) (proper procedure
for raising a claim of ineffective assistance is almost always habeas
corpus).