

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00336-CR

RAUDEL PADILLA                                                        APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

A jury convicted Appellant Raudel Padilla of aggravated kidnapping and assessed his punishment at forty years' confinement. In four points, Padilla argues that the evidence is insufficient to support his conviction, that the trial court erred by not suppressing his oral statement, and that the trial court abused its discretion by denying his rule 403 objections. We will affirm.

---

[1]See Tex. R. App. P. 47.4.

## II. BACKGROUND

A man arrived at Maria Chavez's house sometime in the afternoon on November 16, 2010, and claimed to have been sent there by Chavez's husband to perform a painting job. Chavez did not know the man, nor did she recognize the blue truck that was parked outside. When Chavez attempted to call her husband, the man said, "No," and grabbed the phone from her. The two struggled briefly before another man showed up, displayed a knife, instructed Chavez to "shut up," and escorted her to the blue truck, where another man was inside. Chavez and the three men drove for thirty or forty minutes before arriving at a "little room" in the woods. Once inside, the men put Chavez in a chair and taped her mouth shut and her hands to the chair. At some point, the men left, and Chavez managed to escape from the room and run until she found help.

Chavez explained to the police what had happened, and the police searched the area and discovered a blue truck parked in a pasture and what appeared to be a campfire burning nearby. The officers announced their presence, noticed at least one person run, approached the site, and located one person hiding underneath a trailer. Authorities later found a storage shed nearby, a chair inside of the shed with tape still on it, tape in the bed of the blue truck, and a folding knife inside of the truck. Police arrested Padilla about a month later, and he gave detectives a statement implicating himself in the kidnapping.

## III. EVIDENTIARY SUFFICIENCY

2

In his first point, Padilla argues that the evidence is insufficient to support his conviction for aggravated kidnapping because although Chavez testified that Padilla had a knife, "[a] knife was never recovered from [him]."

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

A person commits aggravated kidnapping if he intentionally or knowingly abducts another person and uses or exhibits a deadly weapon during the commission of the offense. Tex. Penal Code Ann. § 20.04(b) (West 2011). A deadly weapon is "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." *Id.* § 1.07(a)(17)(B) (West Supp. 2012).

Here, Chavez testified that a knife was held to her side when she was escorted from her house to the blue truck and during the entire thirty- or forty-minute ride in the truck. Chavez identified a photograph of the blue truck that authorities discovered parked in the pasture as the same blue truck that she rode in with a knife held to her side, and investigators found a folding knife inside the truck. A detective testified that a knife is a deadly weapon. We hold that the

evidence is sufficient to support Padilla's conviction for aggravated kidnapping, and we overrule his first point.

## IV. MOTION TO SUPPRESS

In his second point, Padilla argues that the trial court erred by denying his motion to suppress his oral statement. Referencing his argument at trial that a detective coerced, enticed, or induced him to give the statement, Padilla contends—citing both state and federal caselaw—that "[t]he ultimate question is whether the suspect's will was overborne" and that "[i]n this case, it was."[2]

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give almost total deference to a trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor, but we review de novo application-of-law-to-fact questions that do not turn on credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002).

---

[2]The trial court made findings of fact and conclusions of law, which included the following: "Approximately 20 minutes after the interview began, Detective Rohloff told the defendant that if he talked, the DA could file the charges, reduce the charges or dismiss the charges. Approximately 20 minutes after . . . starting the interview, the defendant started talking about the instant offense"; "The defendant was not coerced to give a statement"; "The defendant was not enticed to give a statement"; "The statement was voluntarily made."

4

## A.     State Grounds

The statement of an accused may be used in evidence against him provided it was "freely and voluntarily made without compulsion or persuasion." Tex. Code Crim. Proc. Ann. arts. 38.21 (West 2005).  Courts use the following four-prong test when evaluating whether police made an improper inducement to an accused, rendering a confession inadmissible:  (1) a promise of some benefit, (2) that is positive, (3) that is made or sanctioned by someone in authority, and (4) that is of such character as would likely influence the defendant to speak untruthfully.  *Martinez v. State*, 127 S.W.3d 792, 794 (Tex. Crim. App. 2004).

A detective interviewing Padilla told him the following just before he implicated himself in the kidnapping:

> When it goes over to the DA's office and goes to court[,] they may lower that charge.  They may drop the charges against you, but that's up to the DA's office if they drop charges against you or if they are going to file on you or stick you in prison.

The detective's statements that the district attorney's office may ultimately lower or drop the charges against Padilla did not improperly entice or induce him to confess because the detective did not make a positive promise of leniency or claim to have the authority to have the charges against Padilla reduced or dropped.  *See id.*  Under the circumstances, the detective's comments merely advised Padilla about several of the possibilities of giving a truthful statement. *See, e.g., Herrera v. State*, 194 S.W.3d 656, 659–60 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) (holding that police statement to defendant, "[w]e can talk

to the D.A., get you an offer, if you can help us," was not an improper inducement).

Padilla references code of criminal procedure article 38.22 in his argument, but the record demonstrates that he was advised of and waived his Miranda rights.

## B. Federal Grounds

The determination of whether a confession is voluntary is based on an examination of the totality of the circumstances surrounding its acquisition. *See Reed v. State*, 59 S.W.3d 278, 281 (Tex. App.—Fort Worth 2001, pet. ref'd). A confession is involuntary if circumstances show that the defendant's will was "overborne" by police coercion. *Creager v. State*, 952 S.W.2d 852, 856 (Tex. Crim. App. 1997). In other words, the statement is involuntary if the record reflects "official, coercive conduct of such a nature" that any statement obtained thereby is "unlikely to have been the product of an essentially free and unconstrained choice by its maker." *Alvarado v. State*, 912 S.W.2d 199, 211 (Tex. Crim. App. 1995). Here, there is no evidence that Padilla's will was overborne by any police coercion.

We hold that the trial court did not err by denying Padilla's motion to suppress his oral statement. Accordingly, we overrule Padilla's second point.

6

## V. RULE 403 OBJECTIONS

In his third and fourth points, Padilla argues that the trial court abused its discretion by overruling his rule 403 objections to the admission in evidence of (1) the folding knife found in the blue truck and (2) the testimony of Katherine Martinez.

Once a rule 403 objection is made, the trial court must weigh the probative value of the evidence to determine if it is substantially outweighed by its potential for unfair prejudice. *Santellan v. State*, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997). A rule 403 balancing test includes the following factors: (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 & n.8 (Tex. Crim. App. 2006). The rules of evidence favor the admission of relevant evidence and carry a presumption that relevant evidence is more probative than prejudicial. *Jones v. State*, 944 S.W.2d 642, 652 (Tex. Crim. App. 1996), *cert. denied*, 522 U.S. 832 (1997).

Here, the probative value of the knife was high because it supported the State's allegation that the kidnapping was aggravated, and there was little or no danger of confusion of the issues, misleading the jury, undue delay, or needless presentation of cumulative evidence. Thus, the trial court could have reasonably weighed each of the *Gigliobianco* factors in favor of admission.

Regarding Martinez, she testified that she lives near Padilla, that she overheard Padilla talking about a kidnapping, that Padilla brought her two checks that belonged to Chavez's husband and that were made out to her, that Padilla asked her to cash the checks, and that she cashed the checks. The record shows that Chavez never identified Padilla as one of the three men who kidnapped her. Thus, Martinez's testimony about the checks was highly probative to identify Padilla as one of the three men who had participated in the kidnapping. As with the knife, the trial court could have reasonably weighed each of the *Gigliobianco* factors in favor of admitting Martinez's testimony about the checks.

Padilla argues that the trial court failed to conduct the rule 403 balancing test before admitting the knife and Martinez's testimony, but a trial judge is presumed to engage in the required balancing test once rule 403 is invoked, and the judge is not required to sua sponte place any findings or conclusions made into the record. *See Williams v. State*, 958 S.W.2d 186, 195–96 (Tex. Crim. App. 1997). Thus, the law does not demand what Padilla complains about.

8

We hold that the trial court did not abuse its discretion by overruling Padilla's rule 403 objections.  Therefore, we overrule Padilla's third and fourth points.

## VI. Conclusion

Having overruled each of Padilla's four points, we affirm the trial court's judgment.

BILL MEIER
JUSTICE

PANEL:  GARDNER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 11, 2012