COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00336-CR

 

 


 
 
 Raudel Padilla
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM Criminal
District Court No. 1 OF Tarrant
COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I.  Introduction

          A
jury convicted Appellant Raudel Padilla of aggravated kidnapping and assessed
his punishment at forty years’ confinement.  In four points, Padilla argues
that the evidence is insufficient to support his conviction, that the trial court
erred by not suppressing his oral statement, and that the trial court abused
its discretion by denying his rule 403 objections.  We will affirm.

II.  Background

          A
man arrived at Maria Chavez’s house sometime in the afternoon on November 16,
2010, and claimed to have been sent there by Chavez’s husband to perform a
painting job.  Chavez did not know the man, nor did she recognize the blue
truck that was parked outside.  When Chavez attempted to call her husband, the
man said, “No,” and grabbed the phone from her.  The two struggled briefly
before another man showed up, displayed a knife, instructed Chavez to “shut up,”
and escorted her to the blue truck, where another man was inside.  Chavez and
the three men drove for thirty or forty minutes before arriving at a “little
room” in the woods.  Once inside, the men put Chavez in a chair and taped her
mouth shut and her hands to the chair.  At some point, the men left, and Chavez
managed to escape from the room and run until she found help.

          Chavez
explained to the police what had happened, and the police searched the area and
discovered a blue truck parked in a pasture and what appeared to be a campfire
burning nearby.  The officers announced their presence, noticed at least one
person run, approached the site, and located one person hiding underneath a
trailer.  Authorities later found a storage shed nearby, a chair inside of the
shed with tape still on it, tape in the bed of the blue truck, and a folding
knife inside of the truck.  Police arrested Padilla about a month later, and he
gave detectives a statement implicating himself in the kidnapping.

III.  Evidentiary Sufficiency

          In
his first point, Padilla argues that the evidence is insufficient to support
his conviction for aggravated kidnapping because although Chavez testified that
Padilla had a knife, “[a] knife was never recovered from [him].”

          In
our due-process review of the sufficiency of the evidence to support a
conviction, we view all of the evidence in the light most favorable to the verdict
to determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Isassi v. State,
330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

          A
person commits aggravated kidnapping if he intentionally or knowingly abducts
another person and uses or exhibits a deadly weapon during the commission of
the offense.  Tex. Penal Code Ann. § 20.04(b) (West 2011).  A deadly
weapon is “anything that in the manner of its use or intended use is capable of
causing death or serious bodily injury.”  Id. § 1.07(a)(17)(B)
(West Supp. 2012).

          Here,
Chavez testified that a knife was held to her side when she was escorted from
her house to the blue truck and during the entire thirty- or forty-minute ride
in the truck.  Chavez identified a photograph of the blue truck that authorities
discovered parked in the pasture as the same blue truck that she rode in with a
knife held to her side, and investigators found a folding knife inside the
truck.  A detective testified that a knife is a deadly weapon.  We hold that
the evidence is sufficient to support Padilla’s conviction for aggravated
kidnapping, and we overrule his first point.

IV.  Motion To Suppress

          In
his second point, Padilla argues that the trial court erred by denying his
motion to suppress his oral statement.  Referencing his argument at trial that a
detective coerced, enticed, or induced him to give the statement, Padilla
contends—citing both state and federal caselaw—that “[t]he ultimate question is
whether the suspect’s will was overborne” and that “[i]n this case, it was.”[2]

          We
review a trial court’s ruling on a motion to suppress evidence under a
bifurcated standard of review.  Amador v. State, 221 S.W.3d 666, 673
(Tex. Crim. App. 2007); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997).  We give almost total deference to a trial court’s rulings on
questions of historical fact and application-of-law-to-fact questions that turn
on an evaluation of credibility and demeanor, but we review de novo
application-of-law-to-fact questions that do not turn on credibility and
demeanor.  Amador, 221 S.W.3d at 673; Estrada v. State, 154
S.W.3d 604, 607 (Tex. Crim. App. 2005); Johnson v. State, 68 S.W.3d 644,
652–53 (Tex. Crim. App. 2002).

          A.      State
Grounds

          The
statement of an accused may be used in evidence against him provided it was
“freely and voluntarily made without compulsion or persuasion.”  Tex. Code
Crim. Proc. Ann. arts. 38.21 (West 2005).  Courts use the following four-prong
test when evaluating whether police made an improper inducement to an accused,
rendering a confession inadmissible:  (1) a promise of some
benefit, (2) that is positive, (3) that is made or sanctioned by
someone in authority, and (4) that is of such character as would likely
influence the defendant to speak untruthfully.  Martinez v. State, 127
S.W.3d 792, 794 (Tex. Crim. App. 2004).

          A
detective interviewing Padilla told him the following just before he implicated
himself in the kidnapping:

          When it
goes over to the DA’s office and goes to court[,] they may lower that charge. 
They may drop the charges against you, but that’s up to the DA’s office if they
drop charges against you or if they are going to file on you or stick you in
prison.

The detective’s
statements that the district attorney’s office may ultimately lower or drop the
charges against Padilla did not improperly entice or induce him to confess
because the detective did not make a positive promise of leniency or claim to
have the authority to have the charges against Padilla reduced or dropped.  See
id.  Under the circumstances, the detective’s comments merely advised
Padilla about several of the possibilities of giving a truthful statement.  See,
e.g., Herrera v. State, 194 S.W.3d 656, 659–60 (Tex. App.—Houston [14th
Dist.] 2006, pet. ref’d) (holding that police statement to defendant, “[w]e can
talk to the D.A., get you an offer, if you can help us,” was not an improper
inducement).

          Padilla
references code of criminal procedure article 38.22 in his argument, but the
record demonstrates that he was advised of and waived his Miranda rights.

          B.      Federal
Grounds

          The
determination of whether a confession is voluntary is based on an examination
of the totality of the circumstances surrounding its acquisition.  See Reed
v. State, 59 S.W.3d 278, 281 (Tex. App.—Fort Worth 2001, pet. ref’d).  A
confession is involuntary if circumstances show that the defendant’s will was
“overborne” by police coercion.  Creager v. State, 952 S.W.2d 852, 856
(Tex. Crim. App. 1997).  In other words, the statement is involuntary if the
record reflects “official, coercive conduct of such a nature” that any
statement obtained thereby is “unlikely to have been the product of an
essentially free and unconstrained choice by its maker.”  Alvarado v. State,
912 S.W.2d 199, 211 (Tex. Crim. App. 1995).  Here, there is no evidence that
Padilla’s will was overborne by any police coercion.

          We
hold that the trial court did not err by denying Padilla’s motion to suppress
his oral statement.  Accordingly, we overrule Padilla’s second point.

V.  Rule
403 Objections

          In
his third and fourth points, Padilla argues that the trial court abused its
discretion by overruling his rule 403 objections to the admission in evidence
of (1) the folding knife found in the blue truck and (2) the
testimony of Katherine Martinez.

          Once
a rule 403 objection is made, the trial court must weigh the probative value of
the evidence to determine if it is substantially outweighed by its potential
for unfair prejudice.  Santellan v. State, 939 S.W.2d 155, 169 (Tex.
Crim. App. 1997).  A rule 403 balancing test includes the following factors:  (1) the
inherent probative force of the proffered item of evidence along with (2) the
proponent’s need for that evidence against (3) any tendency of the
evidence to suggest decision on an improper basis, (4) any tendency of the
evidence to confuse or distract the jury from the main issues, (5) any
tendency of the evidence to be given undue weight by a jury that has not been
equipped to evaluate the probative force of the evidence, and (6) the
likelihood that presentation of the evidence will consume an inordinate amount
of time or merely repeat evidence already admitted.  Gigliobianco v. State,
210 S.W.3d 637, 641–42 & n.8 (Tex. Crim. App. 2006).  The rules of evidence
favor the admission of relevant evidence and carry a presumption that relevant
evidence is more probative than prejudicial.  Jones v. State, 944 S.W.2d
642, 652 (Tex. Crim. App. 1996), cert. denied, 522 U.S. 832 (1997).

          Here,
the probative value of the knife was high because it supported the State’s
allegation that the kidnapping was aggravated, and there was little or no
danger of confusion of the issues, misleading the jury, undue delay, or
needless presentation of cumulative evidence.  Thus, the trial court could have
reasonably weighed each of the Gigliobianco factors in favor of admission.

          Regarding
Martinez, she testified that she lives near Padilla, that she overheard Padilla
talking about a kidnapping, that Padilla brought her two checks that belonged to
Chavez’s husband and that were made out to her, that Padilla asked her to cash
the checks, and that she cashed the checks.  The record shows that Chavez never
identified Padilla as one of the three men who kidnapped her.  Thus, Martinez’s
testimony about the checks was highly probative to identify Padilla as one of
the three men who had participated in the kidnapping.  As with the knife, the
trial court could have reasonably weighed each of the Gigliobianco
factors in favor of admitting Martinez’s testimony about the checks.

          Padilla
argues that the trial court failed to conduct the rule 403 balancing test
before admitting the knife and Martinez’s testimony, but a trial judge is
presumed to engage in the required balancing test once rule 403 is invoked, and
the judge is not required to sua sponte place any findings or conclusions made
into the record.  See Williams v. State, 958 S.W.2d 186, 195–96
(Tex. Crim. App. 1997).  Thus, the law does not demand what Padilla complains
about.

          We
hold that the trial court did not abuse its discretion by overruling Padilla’s
rule 403 objections.  Therefore, we overrule Padilla’s third and fourth points.

VI.  Conclusion

          Having
overruled each of Padilla’s four points, we affirm the trial court’s judgment.

 

 

BILL MEIER
JUSTICE

 

PANEL: 
GARDNER,
MCCOY, and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  October 11, 2012

 



 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00336-CR

 

 


 
 
 Raudel
 Padilla
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From Criminal District
 Court No. 1
  
 of
 Tarrant County (1224674D)
  
 October
 11, 2012
  
 Opinion
 by Justice Meier
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed. 

 

SECOND DISTRICT COURT OF APPEALS

 

 

 

 

By_________________________________

   
Justice Bill Meier

 









[1]See Tex. R. App. P. 47.4.





[2]The trial court made
findings of fact and conclusions of law, which included the
following:  “Approximately 20 minutes after the interview began,
Detective Rohloff told the defendant that if he talked, the DA could file the
charges, reduce the charges or dismiss the charges.  Approximately 20 minutes
after . . . starting the interview, the defendant started
talking about the instant offense”; “The defendant was not coerced to give a
statement”; “The defendant was not enticed to give a statement”; “The statement
was voluntarily made.”